CENTRAL RAILROAD *et al. vs.* SWINT, administrator.

1. The homicide of a person in another state on a line of railroad purchased, owned and operated by a railroad company in this state, is actionable in this state, if the action be brought by a person entitled to recover.

2. For a homicide done by a railroad company of this state upon a line owned and controlled by it in Alabama, the administrator of the deceased in Alabama, for the use of the widow and children, could bring suit in this state by complying with the statutory requirements thereof, and thus having his appointment *quoad hoc* ratified in Georgia; but not otherwise. And if an administrator of the decedent be appointed in Georgia, he may bring the suit for like uses.

January 6, 1885.

Actions. Homicide. Jurisdiction. Administrators and Executors. Before Judge ADAMS. Chatham Superior Court. March Term, 1884.

Reported in the decision.

A. R. LAWTON; J. B. CUMMING; CHISHOLM & ERWIN, for plaintiffs in error.

LESTER & RAVENEL; P. H. BREWSTER, for defendant.

JACKSON, Chief Justice.

This declaration is filed by the administrator of Lambert, an employé of the Central Railroad and Banking Company

of Georgia, and the Georgia Railroad and Banking Company, the said Lambert having been killed by the trains of these companies, projected into Alabama, in that state, and being a citizen of the state of Georgia, and leaving a wife and two children in this state. Letters were taken out in this state, and by virtue of them the suit is brought against the aforesaid railroad companies of Georgia, the purchasers and owners of the Alabama connections, where the killing occurred. It is brought by the Georgia administrator against these companies for the use of the wife and two minor children.

To this declaration a demurrer was filed, " that the laws of Georgia do not give to the said plaintiff, nor to those for whose use he sues, any right of action against these defendants for any injury occurring to plaintiff's intestate within the state of Alabama," and " that the laws of Georgia do not give any right of action for the death of any person occurring by reason of the negligence, omission, unskilfulness or default of any person or corporation, his or its officers, agents or servants, committed within the state of Alabama."

This demurrer was overruled, and error is assigned upon the judgment overruling it.

1. We think that the principles ruled in the case of *The South Carolina Railroad Company vs. Nix, administrator,* 68 *Ga.,* 572, control the point made in the case at bar.

There a South Carolina administrator brought suit in Georgia for the homicide of his intestate in South Carolina. Therefore the tort in South Carolina was in that case ruled to be a proper subject-matter for one clothed with authority to sue in this state, to recover upon in this state. The South Carolina Railroad Company was a Carolina corporation, but located in Georgia by projecting its track over the Savannah river, and liable to suit here, by the terms on which it entered Georgia as a Georgia corporation. Any suit, therefore, which could be brought against a Georgia corporation could be brought against

it, but none, we apprehend, which could not be brought against our own Georgia railway corporations could be brought against it. Then, if it could be sued in Georgia for a tort committed in South Carolina, it would follow that a Georgia railway corporation, with lines purchased and owned in South Carolina (by leave of that state of course), could also be sued in Georgia for a tort committed on those lines of railway it owned. in South Carolina. And if committed in South Carolina, the tort or homicide was proper subject-matter for a suit. in Georgia; so if committed in Alabama on lines owned there by the Georgia corporation and worked by it, that tort or homicide would be subject-matter for recovery in the courts of Georgia from the corporation which did the damage there.

Hence, the conclusion irresistibly follows that the homicide of a person in another state, on a line of road purchased, owned and worked by a railroad company in this state, is actionable in this state, if the action be brought by the person entitled to recover, by virtue of the decision in 68 *Ga.*, 572.

2. Was the Georgia administrator entitled to bring the suit? In the case above cited, it was held that the South Carolina administrator could recover for the homicide not because he was the South Carolina representative of the intestate, but because, by virtue of the Georgia statute enabling him to sue in this state on filing his letters under Georgia statutes, by virtue of his having done this, he became a Georgia representative of the deceased *quoad hoc*; and thus, as a representative or administrator whom Georgia empowered, alone he was enabled to sue here in her courts. It follows that, had the administrator suing in the case at bar been an Alabama administrator, who had been recognized and empowered to sue here, by compliance with the same statute of Georgia which empowered the South Carolina administrator to sue in the case of *The South Carolina Railroad Company vs. Nix, administra-*

*tor*, 68 *Ga.*, 572, then the Alabama administrator could have sued and recovered in the action at bar. This brings the question to the one narrow point, if an Alabama appointee could not sue here for this tort unless his appointment *quoad hoc* was ratified in Georgia by his compliance with her law, and if the appointment and authority Georgia gives alone give him the right of action, then cannot Georgia enable him to sue by an original appointment of her own? Must she send her own people to Alabama to procure letters there, which could be of no value here, unless she ratified them? or is it her law and her policy to do directly what otherwise she can only accomplish indirectly; and not even indirectly, except at the volition of another state, and upon terms she would prescribe and sureties she might exact from a stranger?

The conclusion reached is, that the case of the *South Carolina Railroad Company vs. Nix, administrator*, logically settles principles which necessarily rule, that the administrator appointed in and by Georgia is entitled to this action. And thus the subject-matter and the parties, to-wit, a Georgia administrator and Georgia corporations, being within her jurisdiction, her courts can administer relief.

Besides all this, the real plaintiffs here, as in Alabama, are suing. The widow and children are the usees of the fund. It is to them the recovery goes. The administrator is the mere conduit pipe that conveys the substitute for the flow of a father's blood to their nurture. If there should be a recovery, a Georgia court will see that a Georgia administrator properly distributes the fund; if there ought to be none, her courts will protect her own corporations. See also 43 *Ga.*, 461; 49 *Id.*, 106, and 103 U. S., 11, cited by Judge Adams.

Judgment affirmed.