R. F. MOORE, guardian, plaintiff in error, vs. J. M. GILL, administrator, defendant in error.

Where on a bill filed by an executor for direction, and for the distribution of the assets to which the heirs, legatees and creditors were parties, there was a final decree distributing the assets :

*Held*, That the widow and minor children were not entitled to a bill of review, on the ground that no homestead and exemption was decreed to them according to the Constitution and laws of the State.

If they were entitled to such a homestead at the date of the decree, they should have set it up ; and if they were not, any subsequent law will not, without express words, be held to authorize the decree to be opened, so as to let in the claim.

Estoppel. Homestead. Before Judge JOHNSON. Marion Superior Court. April Term, 1871.

This was a bill by Moore, guardian of Willie Baldwin, son of Charles J. Baldwin, deceased, contained the following averments : Charles J. died testate, in April, 1867, leaving real estate worth $2,440 00, and personalty worth $2,372 00. In May, 1867, Gill was appointed and qualified as his administrator, *cum testamento annexo*. Gill obtained an order from the Ordinary for the sale of said property, and did sell it all. Then Gill filed a creditor's bill, to the September Term, 1869, of the Superior Court of said county. In October, 1870, a decree was had under said bill, whereby Gill was required to pay to A. V. Boatrite, in right of his wife, $1,341 39, with interest from the 17th of March, 1870, as a preferred debt, and to pay the balance of the proceeds of said sale to the other creditors *pro rata*. The decree directed that Gill should not pay said debt to Boatrite, until Boatrite

should give security to repay the money if said decree should be set aside. Boatrite gave the bond and Gill paid him $1,100 00. But Gill made this payment after he was fully advised that Mrs. Baldwin, for herself and three minor children, had applied for an investment of part of the cash, as a homestead for her and said minor children. This application was in the name of Gill, as administrator, and was made in November, 1870, and approved by the Ordinary in December, 1870. The Ordinary ordered Gill to invest $2,-000 00, in specie, for a homestead for complainant. Before the rendition of said decree, the General Assembly had passed a bill authorizing administrators, etc., to make such investment; but this was unknown to complainant. Said sale produced, say $5,500 00, of which say, $2,400 00 is in hand. It occurred before the passage of Homestead Act. To comply with the order of the Ordinary will require all the cash in Gill's hands, and what he has paid to Boatrite. The prayer was that Boatrite repay Gill, and that Gill be ordered to make the investment required by the Ordinary. The Chancellor dismissed the bill for want of equity. That is assigned as error.

B. B. HINTON, for plaintiff in error.

JOHN PEABODY; M. H. BLANDFORD, for defendant.

McCAY, Judge.

The bill in this case shows no legal reason why the solemn judgment of the Court, in the creditor's bill or bill for marshalling the assets of the estate, should be set aside. In such a bill, all the parties in interest are presumed to have been parties. *This* bill does not allege to the contrary, or that there was any fraud or other reason why the judgment, solemnly had upon all the issues arising upon the distribution of the assets of the estate, should be opened. No rule is better settled, nor is there one more consonant with the

public interest, than the settled doctrine that the judgment of a Court upon a matter in issue between the parties, is conclusive of their rights. It may be that the judgment was not a proper one; but the law furnishes the means for its correction, if wrong, by writ of error, and it would be a reckless disregard of the public interests, as well as a violation of the rights of parties, to permit a matter settled by a judgment, to be opened and reinvestigated, unless there was fraud, accident, etc. A mere failure to set up a right when the issue involves it, is not a ground for opening the judgment. The complainant must show fraud, accident, etc., unmixed with any negligence upon his part. The fact that the General Assembly has passed a new law upon the subject of the homestead, cannot affect the question. Even if it were competent for the General Assembly to alter, by its Acts, the rights of the parties as fixed by the judgment, the Act of 1870 is not, in its terms, retrospective, so as to apply to a case settled by a solemn decree of a Court of equity. The settled rule for the construction of statutes, is not to give them a retrospective operation, unless the language so imperatively requires.

Judgment affirmed.