LEVI JOHNSON, plaintiff in error, vs. THE MAYOR AND CITY COUNCIL OF AMERICUS, et al., defendants in error.

1. The Act of Incorporation of the city of Americus, and the ordinance passed in pursuance thereof, authorizing the arrest and detention of violators of the ordinances of said city, without warrant, are not unconstitutional. (R.)

2. In case of an arrest without warrant, the prisoner should, without unreasonable delay, be conveyed before the most convenient officer authorized to receive an affidavit and to issue a warrant, and the imprisonment of the offender beyond a reasonable time for that purpose would be illegal. (R.)

3. Persons residing within the corporate limits are incompetent jurors to try a suit against the city. (R.)

4. Where a different verdict could not have been rendered, a new trial will not be ordered though an immaterial error may have been committed. (R.)

Trespass vi et armis. Arrest. Constitutional law. Competency of juror. New trial. Before Judge CLARK. Sumter Superior Court. April Adjourned Term, 1872.

Levi Johnson brought trespass vi et armis against the Mayor and City Council of Americus, S. W. Lee and W. W. Wheeler, in which he alleged that he had been imprisoned

without lawful warrant or authority, to his damage $10,000. Defendants pleaded not guilty and justified under the charter of the city of Americus.

Upon the trial plaintiff objected to those jurors who were citizens of Americus. The objection was overruled by the Court.

Plaintiff testified that on the 9th of June, 1870, he was arrested by defendants Lee and Wheeler, without warrant or other writing, within the corporate limits of Americus and carried to the guard-house and imprisoned from three P. M. of the 9th, until ten A. M. the next day, when he was taken from the guard-house and carried before the Mayor of Americus, who continued the case until two P. M.; that defendant pleaded guilty and was fined $10 and costs, which he paid; that plaintiff offered to give bond, which was refused; that he had left his wife, an aged and feeble old woman, sick at home, and appealed to Lee and Wheeler to be allowed to return to her; that Lee and Wheeler were acting as policemen under the general directions of the Mayor and Council.

Plaintiff closed.

Defendants introduced W. W. Wheeler, (defendant,) who testified that on the 9th day of June a Mrs. Randall sent for him and Lee; that when they arrived plaintiff was pulling and dragging Mrs. Randall up a gulley; that they asked Mrs. Randall if they could get a drink of water; that she consented, and when they proceeded to get the water, plaintiff called out to them that they came to arrest him. Plaintiff cursed them in a loud and noisy manner, and as Lee was advancing on him, drew a pistol and cocked it and presented it at Lee but did not fire; that Lee advanced, caught Johnson and took the pistol from him; that Johnson was very drunk; that they carried plaintiff to the guard-house and locked him up; that plaintiff was taken out at ten A. M. next day and carried before the Mayor; that the Mayor, Mr. Johnson, a Justice of the Peace, and Mr. Calloway, a Notary Public, all resided in the city and were of easy access; that no affidavit was made or warrant sued out;

that when plaintiff was first arrested they told him that if he would behave himself that they would let him go home, but he refused and swore he would not be arrested; that afterward when he requested to be allowed to go home, they refused to release him; that witness was merely acting in the discharge of his duty as policeman.

S. H. Mitchell, former marshal, testified that the place of arrest was within the corporate limits.

Durell Randall testified that he was city clerk; that plaintiff pleaded guilty to disorderly conduct, and was fined $10 or sentenced to work ten days on the public streets.

Plaintiff admitted that the defendants Lee and Wheeler were prosecuted on the criminal side of the Court and acquitted.

Counsel for plaintiff requested the Court to charge the jury as follows, to-wit:

" If you find from the evidence that Lee and Wheeler, to prevent the commission of a felony, or for any lawful purpose arrested plaintiff without warrant or process of law, it was their duty to carry him without delay before the most convenient officer authorized to receive an affidavit and issue a warrant, and any imprisonment of Johnson beyond a reasonable time, for such purpose was illegal. They, in no event, had a right to imprison him for an hour or a moment, until they had first carried him either before the Mayor or some judicial officer to be dealt with according to law. No man or officer has the right to imprison in the guard-house or other jail a citizen of this State without due process of law. Process of law must be in writing, and may be by warrant, by commitment, or by sentence of a competent Court. If plaintiff was pulling the woman about, and she did not resist or resent it, or manifest her opposition to it, Lee and Wheeler had no right to arrest plaintiff. The Legislature cannot delegate the power to the Mayor and City Council of Americus to pass an unconstitutional law, or a law in violation of the general law of the land."

The Court refused to charge as requested, but, on the contrary, charged as follows :

" This is an action for false imprisonment, which consists in the unlawful detention of the person of another for any length of time, whereby he is deprived of his personal liberty.

" Was the imprisonment of the plaintiff by the defendants unlawful ?  If so, he is entitled to recover against the defendants whatever damage he sustained, as a compensation for the injury done.  The rule I will give you hereafter.

" If the imprisonment was not unlawful, then the plaintiff is not entitled to recover.

" The Legislature of the State of Georgia, having the power under the Constitution, has delegated to the Mayor and Council of Americus the ‖power ' to pass all ordinances, rules and regulations necessary and proper for the good government and subjection of all persons whatever.'  This grant of power is very large, and sufficient to meet any case of violation of the by-laws and ordinances of the corporation of Americus.  The Legislature has also vested the said Mayor and City Council with power to establish and regulate a guard, who shall have the right to take up all disorderly persons, all persons committing or attempting to commit crime, and to commit them to the guard-house to await their trial the next day.  The Mayor and Council, in obedience to the power thus vested in them, passed and published ordinance 142, which says : ' Any person who shall be found in said city acting in a disorderly, riotous or tumultuous manner, or who shall be guilty of any act or acts endangering the safety of any citizen or property, or of any offense against the public peace, morality or decency, shall be arrested by the marshal, deputy marshal or any policeman, and confined in the guard-house until such time as he or she can be brought before the Mayor's Court for trial ; and any person guilty of such disorderly conduct shall be punished by a fine not exceeding twenty dollars, or otherwise in the Mayor's discretion.'

"This law of the Legislature vesting this power in the Mayor and City Council of Americus is not unconstitutional. The Legislature had the right, under the Constitution, to grant the power to the corporation of the city of Americus, and the ordinance passed in pursuance of said grant of power is also constitutional, and all persons who are guilty of disorderly conduct can be arrested at once without warrant and confined in the guard house until their trial the next day.

"It is the right and duty of the Mayor to sit the next day and try the offender, and to punish him, if guilty, in accordance with the ordinances of the city government. All governments must have such rights else discord would reign supreme in every city of the United States.

"The arresting of a disorderly citizen by the policeman of the city of Americus is not an unlawful arrest. It is his duty to arrest all such people, and to arrest them at once, and that, too, without a warrant. If the citizen is guilty of disorderly conduct, and a policeman arrest him, he cannot complain, and has no right of action against the officer who makes the arrest. Such an arrest and detention in the guard house until the Mayor's Court meets the next day, is not an unlawful detention, and no right of action accrues to the person who is thus arrested and detained. If Johnson, the plaintiff, was within the city limits and engaged in disorderly conduct, such as dragging a woman in the street, and the policeman arrested him and confined him in the guardhouse during the night, the defendants are not liable in damages to Johnson, inasmuch as they were discharging their duties in accordance with the law, and the ordinance of the City Council and the charter of the city was the law that the policemen were bound to obey. If, when they sought to arrest him, Johnson drew his pistol and put himself in a posture of defense, he was also guilty of violating an ordinance of the city for resisting an officer. If Johnson, on being arraigned the next day, pleaded guilty to the charge of disorderly conduct, the plea of guilty is *prima facie* evidence of his guilt, and remains such until he proves that he was

not guilty. If he pleaded guilty, it was the right and duty of the Mayor, under the law, to impose a fine on him of not more than ten dollars, and in the discharge of that duty the Mayor and City Council are not liable.

"If the plaintiff, Johnson, was not'guilty of disorderly conduct or of violating any ordinance of the City Council, and the policemen arrested him without cause, then they and the City Council are liable in damages: Code, sections 3010, 3011, 3012. But if he was disorderly at the time of arrest, he has no right of action and you must find for the defendants."

The jury returned a verdict for the defendants, whereupon plaintiff excepted upon the following grounds, to-wit:

1st. Because the Court erred in the ruling as to the competency of the jurors, who lived within the corporate limits of said city.

2d. Because the Court erred in refusing to charge as requested.

3d. Because the Court erred in the charge as given.

C. T. GOODE, for plaintiff in error.

FORT & HOLLIS, for defendant.

WARNER, Chief Justice.

This was an action of trespass *vi et armis,* brought by the plaintiff against the defendants, to recover damages for an alleged false imprisonment. On the trial of the case the jury found a verdict for the defendants. Exceptions were taken to the rulings and charge of the Court, as specified and set forth in the record, which are assigned as error here. It appears, from the evidence in the record, that the plaintiff was arrested in the city of Americus for disorderly conduct, in violation of the ordinances of the city. The arrest was made by Lee and Wheeler, (who were acting as policemen

under the authority of the City Council,) about sundown on the 9th day of June, 1870, without any written warrant, and the plaintiff was confined in the guard-house of the city until ten o'clock next morning, when he was brought before the Mayor, and he pleaded guilty to the charge against him, and was fined $10. The main question in the case is, whether the defendants were protected in making the arrest of the plaintiff and confining him in the guard-house under the provisions of the charter of incorporation and the ordinances of the city of Americus. The twentieth and twenty-sixth sections of the Act of Incorporation confer the power and authority on the Mayor and City Council of the city of Americus to enact the ordinances under the authority of which the plaintiff was arrested. But it is said the Act of Incorporation and the ordinances are unconstitutional because they authorize the arrest to be made without a written warrant or process. The Code authorizes an arrest to be made by an officer or a private person, without a warrant, when the offense is committed in his presence, and there is likely to be a failure of justice for want of an officer to issue a warrant: Code, sections 4626, 4627. The provisions of the Code upon this subject is nothing more than the affirmance of the principles of the common law: 4th Bl. Com., 292. In every case of an arrest without warrant, the person arresting should, without unreasonable delay, convey the offender before the most convenient officer authorized to receive an affidavit and issue a warrant, and the imprisonment of the offender beyond a *reasonable* time allowed for this purpose would not be legal: Code, section 4628. The Act of Incorporation empowers the Mayor and City Council to establish and regulate a city guard, who shall have the right to take up all disorderly persons and all persons committing or attempting to commit any crime, and to commit them to the guard-house to await their trial the next day. By the twenty-eighth section of the ordinances of the city it is made the duty of the marshal, deputy marshal and policemen to preserve order in the city, to suppress all affrays and

riots, to arrest all drunken, disorderly or riotous persons who are disturbing the peace and quiet of the city, and commit them to the guard-house or bring them before the Mayor to be dealt with as the evidence produced shall warrant. In the opinion of the General Assembly, in conferring the power upon the Mayor and Council of the city of Americus to pass the ordinance under which the plaintiff was arrested, his arrest and detention in the guard-house without a warrant until the next day to await his trial, was not an *unreasonable* delay in bringing the offender before the proper officer for a hearing. Construing the Constitution in the light of the common law in regard to arrests without a warrant, the Act of the General Assembly conferring the power upon the City Council, or the ordinances thereof now complained of, are not unconstitutional. The arrest and detention of the plaintiff without a written warrant until the next day for a hearing of his case before the Mayor, under the statement of facts disclosed in the record, was not illegal. Whilst it is the duty of the Courts to protect the liberty of the citizen, it is also the duty of the Courts to protect society against the wanton and illegal exercise of that liberty.

The plaintiff at the trial objected to those of the jurors included in the panel of twenty-four who resided within the corporate limits of the city of Americus, for cause, as being incompetent jurors to try the case. The objection was overruled and the plaintiff excepted. What number of the twenty-four resided within the city limits, or whether they were all stricken by the plaintiff in selecting the jury, the record does not inform us. According to the ruling of this Court in the case of The Mayor of Columbus *vs.* Goetchius, 7th Georgia Reports, 139, the jurors who resided within the corporate limits of the city were incompetent jurors, and it was error in the Court in overruling the objection to them. But, in our judgment, inasmuch as the verdict of the jury in this case was right, both under the law and the facts of the case, and a different verdict should not have been rendered by any jury, we will not reverse the judgment of the Court below on

the ground of the objection to a portion of the jurymen constituting the panel of twenty-four, nor for any mere technical errors in the charge of the Court.

Let the judgment of the Court below be affirmed.