THE MAYOR, ETC., OF CARTERSVILLE *vs.* LYON *et ux.*

1. In an action against a municipal corporation, residents thereof are not now incompetent jurors.
(*a.*) The law was otherwise when the decisions in 7 *Ga.*, 139, and 46 *Ga.*, 80, were made.
(*b.*) Where, in a suit against a municipal corporation, residents thereof were stricken from the jury over defendant's objection, a new trial will be granted unless the verdict is unquestionably demanded by the facts.
2. Under the constitution of 1868, a justice of the peace had jurisdiction to try cases of damages to realty as well as personalty, if not involving a sum beyond his jurisdiction. Under the constitution of 1877, a justice has no jurisdiction as to damages to realty. But where such a case was tried before the adoption of the constitution of 1877, and was pending on an appeal at that time, it was not affected thereby.
3. The evidence was not such as to demand the verdict in spite of an error of the court.
(*a.*) One in possession of land by himself or tenant has a right of action, against a mere trespasser who commits an injury to the land.

December 5, 1882.

Municipal Corporations. Jurors. Possession. Landlord and Tenant. Constitutional Law. Before Judge FAIN. Bartow Superior Court. January Adjourned Term, 1882.

Lyon and wife brought an action for damages against the Mayor, etc., of Cartersville, for entering upon land and carrying away gravel therefrom, and damaging the property by hauling the gravel across it. The case was brought September 14, 1877. It was appealed to the superior court October 1, 1877. On the trial, the evidence as to

the value of the land, the damage done to it, and whether the gravel was taken with the consent of the owner or not, was conflicting. The testimony of the plaintiffs showed that a tenant of theirs was in possession of the property alleged to be damaged.

The jury found for the plaintiffs $50.00. Defendants moved for a new trial, on the following among other grounds:

(1.) Because the court ruled that three of the jurymen, whose names appeared upon the list of traverse jurors from which a jury was to be stricken to try this case, should be stricken from the list, because they were incompetent, residing as they did within the corporate limits of the city of Cartersville, and being tax payers. This was done over objection of defendant's counsel.

(2.) Because the court overruled an oral demurrer to the action, based upon the ground that a justice's court had no jurisdiction to try a case of damages to realty.

(3.) Because the verdict was contrary to law and evidence.

The motion was overruled, and the defendants excepted

J. B. CONYERS, for plaintiffs in error.

TRIPPE & NEEL, for defendants.

JACKSON, Chief Justice.

1. The three jurors stricken from the panel of twenty-four, numbers one and two of the regular traverse juries, on the ground that they were citizens of Cartersville, were competent jurors, though that city was defendant. Code 1672 (f); acts of 1875, p. 96; 1874, p. 45. This alters the law as it stood when the cases in 7 *Ga.*, 139, and in 46 *Ga.*, 80, were decided. They were stricken over the objection of the city of Cartersville, the plaintiff in error, and under the law, we think that the error requires a new trial, unless the facts demanded the verdict beyond question.

The Code, in §3932, declares that "all equity cases, collateral issues and issuable pleas, etc., in said (superior) courts shall be tried by one or the other of said panels, provided the parties can agree upon a panel to try them," alluding to panels numbers one and two before mentioned in the section.   In the event the parties do not agree, the same section of the Code provides that a jury shall be stricken from these panels.   The section further declares that if these panels be incomplete by absence or disqualification of one or more jurors, then, at the request of either party, the two panels shall be filled up to the number of twenty-four jurors, and then the striking shall proceed.

This section is codified from the acts of 1869 and 1878, and it gives clearly the right of trial before the jurors to the number of twelve to be selected from these two panels, unless some jurors thereon are absent or disqualified. Nobody was absent or disqualified, or lawfully excused.   Therefore, the jury which tried the case was not the jury the law prescribed, and as the case is a close one on the facts, no one can foresee how much the plaintiff in error may have been hurt.   In the case of *Winter vs. The Muscogee Railroad Company*, 11 *Ga.*, 438, it was held that the failure to fill up the list of grand jurors from which the traverse jury was taken, to eighteen, was error, and a new trial was granted for that among other reasons, though it did not appear that the twelve who did try the case were otherwise than perfectly impartial jurors.   It was put upon the right which the law gave to have the list filled up, just as this case stands on the right which the law gives to have the twelve stricken from the original twenfy-four, unless some be absent, excused or disqualified. · The principle there ruled controls here, and decisions of other state courts as to their practice under their statutes, do not apply.  Whether the juror be left on the jury which tries the issue or not, under our law, if he be wrongfully discharged, a new trial

should be awarded. Of course if, as in the 46 *Ga.*, 80, the facts make the verdict imperative, all presumption of hurt to plaintiff in error is removed, and no new trial will be awarded ; but if the facts make a disputable case, the new hearing should be had.

2. By the constitution of 1868, damage cases affecting real as well as personal property might be tried before a justice of the peace, if within the sum limiting his juris- diction. By the constitution of 1877, it is only damage to personal property, which goes before a justice court. 62 *Ga.*, 345, 347. The trial before the justice of the peace transpired before the adoption of the constitution of 1877, though the appeal was pending and tried afterwards. The constitution of 1877 itself provided that such cases should not be disturbed. Art. XII. par. VI. ; Code, 5235.

3. It seems that the evidence is conflicting as to the possession of the land from which the gravel was taken, and as to the value of the gravel and damage to the land. If the tenant was in possession and the landlord showed that the tenant held under him, we think this would be sufficient proof of title as against one who entered with no title ; and if the plaintiff were in possession himself of this particular place where the damage was committed, of course he need show no title. Code, §3016. So that title was not in question here.

And this covers all points necessary to be adjudicated when the case is heard again.

We express no opinion on the facts, further than to repeat, that they do not require necessarily the verdict rendered.

The new trial is granted because the court erred in ruling that citizens of Cartersville were not competent jurors, and thus the plaintiff in error was forced to strike from a jury list other that prescribed by law, and may have been hurt thereby.

Judgment reversed.