WOODBURN *v.* THE WESTERN UNION TELEGRAPH COMPANY.

The act of October 22, 1887, imposing penalties upon telegraph companies in certain cases, and the act of December 20, 1892, amendatory thereof, having been repealed by the act of December 17, 1894, there was, after the passage of this last act, no error in sustaining a motion to abate an action then pending against a telegraph company for the statutory penalty. The plaintiff had no

vested right to the penalty, and at the time of the trial there was no law of force in this State under which a judgment in his favor could be rendered.

June 10, 1895.

Action for penalty.   Before Judge SMITH.   Wilcox superior court.   December term, 1894.

CUTTS & HIXON, for plaintiff.

GUSTIN, GUERRY & HALL, DORSEY, BREWSTER & HOWELL and WILLIAM BRUNSON, for defendant.

SIMMONS, Chief Justice.

This was an action against the telegraph company to recover the penalty for failure to transmit and deliver a dispatch with due diligence, as provided by the act of Oct. 22, 1887, and the amendatory act of December 20, 1892. Pending the action these acts were repealed by the act of December 17, 1894. The repealing statute makes no provision as to pending suits; and the question now to be determined is, whether the suit abated by reason of this act. We think the case is controlled by the decision of this court in *Bank of St. Mary's* v. *The State*, 12 *Ga.* 475. That was an action brought upon the information of Philip A. Clayton against the Bank of St. Mary's, for the recovery of the penalty imposed for the issuing of change bills under the denomination of five dollars. A verdict was rendered in favor of the plaintiff for half of the penalty fixed by the statute. After the action was brought but before judgment, the statute upon which the action was founded was repealed. The question whether judgment could be rendered in favor of the plaintiff after the repeal, was discussed at some length in the opinion of the court; and the conclusion reached was as follows: "An informer who commences a *qui tam* action under a penal statute, does not acquire thereby a vested right to the forfeiture; his claim to the penalty is inchoate only, and cannot be fixed except by judgment. No judgment can be rendered on a

repealed statute, the repeal prevents the imperfect right from being consummated; and it is competent for the legislature to pass such repealing statute at any time before final judgment; and it matters not whether the whole penalty, when recovered, is given to the public or to the prosecutor, or is divided between them." The constitutional provision which declares that no retroactive law or law impairing the obligation of contracts shall be passed, has no application to the case. The plaintiff, according to the decision above referred to, had no vested right in the penalty. The penalty was for the violation of a public penal law, and was not given in whole or in part as compensation in damages for the violation of a contract. *Telegraph Co. v. Taylor*, 84 *Ga.* 417; *Telegraph Co.* v. *Nunnally*, 86 *Ga.* 503. For such personal damage as he may have sustained, the plaintiff had his redress in an ordinary action for damages. There being no law of force at the time of the trial, under which a judgment in favor of the plaintiff could be rendered, the court below properly held that the action abated.              *Judgment affirmed.*