THE WESTERN UNION TELEGRAPH COMPANY *v.* SMITH.

The plaintiff below obtained a verdict and judgment against the defendant under the acts imposing penalties upon telegraph companies. The latter moved for a new trial, and the motion was overruled, December 11, 1894. On the 17th of that month these acts were repealed generally, and on the 24th of that month a bill of exceptions assigning error in the overruling of the motion for a new trial was sued out by the defendant. *Held*, that the judgment of the court below must be set aside, because at the time the repealing act was passed the defendant still had a pending legal right of exception, and therefore the judgment below was not absolutely final nor the litigation between the parties necessarily at an end. Accordingly, the plaintiff was not, when the repealing act was passed, absolutely entitled to an enforcement of his judgment, and the case must be dealt with in this court as one which was pending when the repeal took place. This being so, the case is controlled, in principle, by the decision in *Woodburn* v. *Western Union Telegraph Co.*, this term. 95 *Ga*. 808.

August 12, 1895.

Action for penalty. Before Judge HUTCHINS. Clarke superior court. October term, 1894.

ERWIN & COBB and DORSEY, BREWSTER & HOWELL, for plaintiff in error.

SIMMONS, Chief Justice.

The plaintiff below obtained a verdict and judgment against the defendant, under the acts imposing penalties upon telegraph companies. (Acts of Oct. 22, 1887, and Dec. 20, 1892.) The judgment was entered Oct. 18th, 1894, and the defendant within the time allowed by law filed its motion for a new trial. The motion was overruled, December 11, 1894. On the 17th of December, 1894, the acts above referred to were repealed generally, and on the 24th of that month a bill of exceptions assigning error in the overruling of the motion for a new trial was sued out by the defendant.

According to the decision of this court in *Woodburn* v. *Western Union Telegraph Company*, 95 *Ga.* 808, the plaintiff had no vested right to the penalty before final judgment. In the case now under consideration, it is true, there was a judgment in the plaintiff's favor, but the judgment was not absolutely final nor the litigation between the parties necessarily at an end. At the time the repealing act was passed the plaintiff was not entitled to an enforcement of his judgment, and the case must be dealt with as one which was pending when the repeal took place. In principle, therefore, the case falls within the decision above referred to, in which we held that the effect of the repeal was to abate actions for the statutory penalty which were then pending. The leading authorities on this subject are reviewed and the law, in our opinion, correctly stated by Pryor, C. J., in the case of Speckert *v.* City of Louisville, 78 Ky. 289, as follows: "It is well settled that no judgment can be rendered in an action to enforce a penalty, when the statute under which the proceeding is had has been repealed. 'The repeal of a law imposing a penalty is itself a remission.' (3 How. 574, Maryland *v.* B. & O. R. Co.) When such

a statute is repealed it ends all the litigation under it,
and if the judgment is not final, that is, if the action seek-
ing to recover the penalty is not finally disposed of, the
right to the penalty depending on the affirmance or re-
versal of the judgment, and the repeal is brought to
the knowledge of the court, it must necessarily result
in a dismissal of the action.    In Lewis *v.* Foster (1 N. H.
61) a judgment had been rendered in an action of debt
under a penal statute, and before execution the statute
was repealed.   The Supreme Court said: 'The plaintiff''s
right of action was taken away by the repeal of the
law on which it was founded.'  The right of the legisla-
ture to repeal such laws cannot be questioned, and the
mere fact that a party may be entitled to the benefits
resulting from the prosecution of a penal action gives
him no vested right to prosecute the action to a recov-
ery, nor does the fact that a judgment has been rendered
below vest him with such a right as cannot be divested
by legislative action had before execution.    In the case
of Yeaton *v.* The United States (5 Cranch), the schooner
General Pinckney and cargo were seized and condemned
for violating the law of Congress prohibiting intercourse
with certain ports, etc.    The case was heard in the Su-
preme Court upon both the law and fact, as in this case,
and the law having been repealed after the sentence of
condemnation, the court said: 'It is not *res adjudicata*
until the final sentence of the appellate court is pro-
nounced.'    It is argued that such causes are tried in the
Supreme Court *de novo*, and in such cases facts may be
established that were not found in the record below;
still we think the same rule should apply.    If, in the
course of judicial proceedings, the State in cases of this
sort is not entitled to its execution as a matter of right
before the repeal of the law, the judgment cannot be
enforced.    'When repealed,' it must 'be considered as a
law that never existed, except for the purpose of those

actions or suits which were commenced, prosecuted and concluded while it was an existing law. Upon this principle, the repeal of a statute puts an end to all prosecutions under the statute repealed, and to all proceedings growing out of it pending at the time of repeal.' (Sedgwick on Statutory Law.) 'And if a case is appealed, ·and pending the appeal the law is changed, the appellate court must dispose of the case under the law in force when their decision is rendered.' (Cooley's Const. Limitations, 4 ed. 477.)" See also Sutherland on Statutory Construction, §166, and cases cited; Denver etc. Ry. Co. *v.* Crawford, (Col.) 19 Pac. Rep. 673.

*Judgment reversed.*