## SOUTH CAROLINA AND GEORGIA RAILROAD COMPANY v. DIETZEN.

An act of the General Assembly of Georgia, which establishes jurisdiction of suits against railroad companies, and prescribes that suits for damages for injuries to person or property shall be brought in the county in which the cause of action originated, if the company has an agent in such county; if not, then in the county of the residence of the company, refers to causes of action originating in the counties of this State, and does not apply to causes of action originating outside the limits of the State. As to the latter, the law in force at the time of the passage of the act is not affected by its terms.

Argued June 14, — Decided July 10, 1897.

Action for damages. Before Judge Eve. City court of Richmond county. November term, 1896.

*Joseph B. & Bryan Cumming*, for plaintiff in error.
*Fleming & Alexander*, contra.

LITTLE, J. The defendant in error brought suit against the plaintiff in error, in the city court of Richmond county, to re-

cover damages sustained by him in being unlawfully ejected from the train of the plaintiff in error in the State of South Carolina. The plaintiff in error demurred to the petition, on the ground that it appeared from the petition that the court had no jurisdiction of the action, and that judgment rendered by a court in Richmond county would be void. The demurrer was based on the provisions of section 2334 of the Civil Code, which declares, that all railroad companies shall be sued in the county in which the cause of action originated; . . that any judgment rendered in any other county than the one in which the cause so originated shall be utterly void. This section was codified from the act of 1892 (Acts 1892, p. 59), wherein it is further stipulated that if the cause of action arise in a county where the railroad company has no agent, then suit may be brought in the county of the residence of the company.

The precise question in the case is, whether the act of 1892, requiring suits to be brought in the county where the injury occurred and declaring a judgment rendered elsewhere to be utterly void, applies in this case. The plaintiff in error contends that it does. It is conceded that it is a foreign corporation, having its principal office in the State of South Carolina, and that the only county of Georgia in which it operates a railroad is Richmond county, and that there it has an office and does business. The language of the statute is: "All railroad companies shall be sued in the county in which the cause of action originated." If the plaintiff in error is right in its contention, it must be because the General Assembly has deprived of jurisdiction all courts other than those of the county in which the cause of action originated. If the act is meant to apply to foreign corporations and to causes of action arising without this State, then the act of the legislature of Georgia would seem to fix in another State jurisdiction of the case in that State, because it says such companies shall be sued in the county in which the cause of action originated. If the words of the act are to be accepted literally, it would be held to go further and require suit to be brought in that State in the county of the residence of the railroad corporation, if there was no agent in the county where the injury occurred; and we would

thus give to the Georgia lawmakers extraterritorial jurisdiction. This view of the subject is referred to only to show that if the provisions of the statute be held to apply to causes of action arising out of the State, then by the words of the enactment these consequences would follow. We do not of course undertake to say that the lawmaking power could not deny the jurisdiction of the courts of the State to a non-resident in an action to recover damages against a foreign corporation, domiciled here, for injuries occasioned in the State where the defendant resides. On the contrary, we do not doubt that such could be done. But we do hold that such is not done under the terms of the act which not only deprives all other courts of jurisdiction of the subject-matter, but gives exclusive jurisdiction to the courts of the county where the injury was occasioned, if the defendant was represented by an agent there; and if not, then in the county of the residence of the defendant. The legislative intent was not only to deprive certain courts of jurisdiction, but to fix in others. If the act be so construed as to carry into effect the provision denying jurisdiction, it must end there; because in a case like that at bar, the provision fixing the jurisdiction can not be carried out, inasmuch as it would be extraterritorial legislation, and the effect would simply be to deprive our courts of all jurisdiction.

Legislative authority is bounded by the territorial limits of the State (Cooley, Const. Lim. 128); and necessarily in the passage of the act of 1892 the legislative will was expressed as to suits against railroads in this State and as to causes of action arising within this State. It undertook, as we construe its terms, to change existing law as to the venue of actions brought in this State against railroad companies, by compelling such suits to be instituted in that county of this State where the cause of action originated; but it did not have for its object closing the doors of our courts to plaintiffs having a cause of action which originated in another State against a company doing business in one of the counties of this State. As to the venue of such suits, the law as it stood prior to the passage of that act remains unchanged.

As to the jurisdiction of the courts of Richmond county

over the South Carolina Railroad Company prior to the passage of the act, see *South Carolina Railroad* v. *Nix*, 68 *Ga.* 572, and generally, *Central Railroad* v. *Swint*, 73 *Ga.* 651; *Williams* v. *E. T., V. & G. Ry.*, 90 *Ga.* 519.

*Judgment affirmed. All the Justices concurring.*