1939.   CENTRAL OF GEORGIA RAILWAY CO. *v.* DOWE & CO.

POWELL, J.   1.   Where section 2334 of the Civil Code, relating to venue of suits against railroad companies, is applicable, it is exclusive.   A suit brought elsewhere than is there provided is void, and the defendant can not waive the question of jurisdiction by pleading to the merits. Other suits against railroad companies are controlled by the general law.   *South Carolina R. Co.* v. *Dietzen,* 101 *Ga.* 730 (29 S. E. 292); *Lytle* v. *Sou. Ry. Co.,* 3 *Ga. App.* 220 (59 S. E. 595).   The statute does not cover the case of a tort committed in another State.   In such cases the question of jurisdiction, so far as it is affected by the venue, must be raised by timely plea or demurrer.   See *Central R. Co.* v. *DeBray,* 71 *Ga.* 406; *East Tenn. Ry. Co.* v. *Suddeth,* 86 *Ga.* 388 (12 S. E. 682).

2.   It is unnecessary to pass upon the constitutionality of the Hepburn act (Act. Cong. June 29, 1906, c. 3591, 34 Stat. 584; U. S. Comp. Stat. Supp. 1907, p. 892).   The goods having been appropriated by the initial carrier, the liabilities are the same under the general law as they would be under the act in question.   The case proceeded on two counts, either of them sufficient to uphold the verdict.   *Sou. Ry. Co.* v. *Schlittler,* 1 *Ga. App.* 20 (58 S. E. 59).

3.   It is not error for the court to charge the jury that when a carrier by its bill of lading has received goods as in "good order," or "in apparent good order," the burden is upon the carrier to show that they were not so.   The charge is authorized although the evidence may tend to show that they were not in perfect order when received.

4.   The alleged errors in the case may be cured and rendered harmless by a direction slightly reducing the verdict in favor of the plaintiff.   The judgment is affirmed, with direction that the principal of the plaintiff's judgment be reduced to the sum of $81.12.

*Judgment affirmed, with direction.*

Action for damages; from city court of Atlanta—Judge Reid. April 14, 1909.

Submitted July 19,—Decided November 9, 1909.

*Payne, Little & Jones,* for plaintiff in error.

*Moore & Pomeroy, W. W. Hood,* contra.