### 16722.   DAVIS *v.* TITTLE & COMPANY.

STEPHENS, J. 1. Although a juror may have been incompetent, by reason of relationship to the prevailing party, yet where the verdict found was as a matter of law demanded, and was directed by the court, the incompetency of the juror could not have affected the verdict and was harmless, and affords no ground for a new trial. *Johnson* v. *Americus,* 46 *Ga.* 80.

2. This is a suit upon a promissory note, where the execution of the note was admitted, and the only defense interposed was a denial of the required statutory notice for attorney's fees and a partial payment upon the note. There being no evidence introduced to sustain either of the defenses, and no evidence introduced but the note, a verdict was properly directed for the plaintiff, for the principal and interest of the note.

3. In so far as the judgment may be construed as allowing attorney's fees, direction is given that the judgment be modified by striking therefrom the part thereof which awards attorney's fees.

*Judgment affirmed, with direction. Jenkins, P. J., and Bell, J., concur.*

DECIDED MAY 14, 1926.

Appeal and Error, 4 C. J. p. 952, n. 77 New.
Bills and Notes, 8 C. J. p. 1060, n. 38.

Complaint; from city court of Nashville—Judge W. R. Smith. July 19, 1925.

*Jeff. S. Story, Elsie Higgs Griner,* for plaintiff in error.

*W. D. Buie,* contra.