31371. LEATHERS *v.* TURNER *et al.*

DECIDED MARCH 8, 1947. REHEARING DENIED MARCH 28, 1947.

64

*Noah J. Stone,* for plaintiff in error.
*Stephens Mitchell, Judson Andrews,* contra.

GARDNER, J. P. C. Leathers insists first that the court erred in overruling subparagraphs "c" and "d" of his demurrer to the original petition. These subparagraphs aver that the petition failed to set out a cause of action because it did not allege presentment of the notes to the maker for payment and notice of their dishonor to the defendant indorser, Leathers; there being no waiver of such notice. The negotiable-instruments law provides that, "Except as herein otherwise provided, presentment for payment is necessary in order to charge the drawer and indorsers." Code, § 14-701 (Ga. L. 1924, p. 141). Code, § 14-801 (Ga. L. 1924, p. 144) reads: "Except as herein otherwise provided, when a negotiable instrument has been dishonored by nonacceptance or nonpayment, notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged." If plaintiff was bound by the above provisions of the negotiable-instruments law subparagraphs "c" and "d" should have been sustained. If he was not so bound, these subparagraphs were

properly overruled, since under the prior law there were no such requirements. See Code (1910), § 4280. Code, § 102-104 reads in part: "Laws prescribe only for the future; they can not impair the obligation of contracts, nor, usually, have a retrospective operation. Laws looking only to the remedy or mode of trial may apply to contracts, rights and offenses entered into or accrued or committed prior to their passage." In *Smith* v. *Pindar Real Estate Co.*, 187 *Ga.* 229, 236 (200 S. E. 131), the court approved the rule of construction stated in *Moore* v. *Gill*, 43 *Ga.* 388, 390: "The settled rule for the construction of statutes, is not to give them a retrospective construction, unless the language so imperatively requires." In *Seaboard Air Line Ry. Co.* v. *Benton*, 175 *Ga.* 491 (3), 498 (165 S. E. 593), the court said: "The act (Ga. L. 1929, p. 315) does not express the intention of the General Assembly that it shall apply to litigation over causes of action which arose previously to the passage of the act, and must be construed to apply to subsequent actions. Moreover, it is not such a remedial act or rule of evidence as may be applied retroactively. . . In *Bank of Norman Park* v. *Colquitt County*, 169 *Ga.* 534 (150 S. E. 841), this court said: 'Laws prescribe only for the future . . and retrospective statutes are forbidden by the first principles of justice. The settled rule for the construction of statutes is not to give them a retrospective operation, unless the language so imperatively requires.' . . By reason of the authorities cited above, this court feels bound to construe the statute of 1929 as applicable only to the future, and not to suits pending at the time of its passage, for the recovery of damages where the injury occurred previously. That would be true whether the act of 1929 is construed to be a remedial act or a rule of evidence, or whatever its nature. It is an unquestioned truth that, 'Laws looking only to the remedy or mode of trial *may* apply to contracts, rights, and offenses entered into or accrued or committed prior to their passage' . . assuming that the statute is remedial, and falling within Code, § 6 [Code, § 102-104, supra], the legislature could have made it retroactive. In fact it did not do so."

Our view is that the rule that, "The settled rule for construction of statutes is not to give them a retrospective operation, unless the language so imperatively requires," applies both to laws looking only to the remedy or mode of trial and to laws which affect vested

interests. Conceding that the requirements of the negotiable-instruments law as to the presentment and notice of dishonor of negotiable instruments affects only the remedy, we find nothing in that law that requires a holding that it was to have a retrospective operation. We therefore hold that the court did not err in overruling subparagraphs "c" and "d" of the demurrer to the original petition.

Counsel for the plaintiff in error next insists that the court erred in overruling paragraph 3 of the renewed demurrer. This paragraph avers that the action was barred by the statute of limitations because the petition as amended shows that P. C. Leathers was indebted to W. B. Turner on an open account, and more than four years had elapsed since the date of the maturity of the account. Unquestionably the original petition was a suit on six promissory notes, and we do not think that the cause of action was changed to one on open account because, in response to the demurrer, the plaintiff alleged that on or about January 1, 1924, P. C. Leathers indorsed the notes to W. B. Turner to secure the payment of $300 commissions which Leathers owed Turner. In this connection see *Johnson* v. *Giraud*, 191 *Ga.* 577, 583 (3) (13 S. E. 2d, 365), which reads: "The lien of an attorney is kept alive where the original open account is within four years converted into a note under seal, and the lien may be foreclosed at any time before suit on the note has become barred by the statute of limitations. . . While originally the debt of the plaintiffs in error was in the form of an open account and was subject to the statute of limitations of four years, and had it remained in the form of an open account for a period exceeding four years it would have become barred by limitation, and if the debt is barred then the lien likewise is barred (*Peavy* v. *Turner*, 107 *Ga.* 401, 33 S. E. 409), yet, as set forth in the intervention, the statute of limitations was avoided by taking a note as evidence of the debt, and no claim is here made that the note is barred by the statute of limitations." The notes in the present case were sealed instruments, and the action was not barred.

Paragraph 4 of the renewed demurrer avers that the notes set out as an exhibit were not negotiated or transferred to W. B. Turner, but were pledged with him to secure the payment of $300 which Leathers owed Turner, and, therefore the legal title to said notes was in Leathers and not in Turner, and Turner had no right

to maintain the action against Leathers. "'A bill or note indorsed in blank is transferable by delivery, and the indorsement, so long as it continues in blank, makes the bill or note in effect payable to bearer. Possession of such a negotiable instrument proves property. Chitty on Bills, 253-255; Sterling *v.* Bender, 7 Ark. 201 (44 Am. D. 539).' *South* v. *People's National Bank,* 4 *Ga. App.* 92 (2) (60 S. E. 1087); *Nisbet* v. *Lawson,* 1 *Ga.* 275, 284; *Culpepper* v. *Culpepper,* 18 *Ga. App.* 182 (3) (89 S. E. 161); *Edwards* v. *Camp,* 29 *Ga. App.* 556 (2) (116 S. E. 210)." *Cook* v. *Griffin,* 59 *Ga. App.* 562 (2) (1 S. E. 2d, 709). The court did not err in overruling paragraph 4 of the amended demurrer.

Paragraph 5 of the amended demurrer is that "Plaintiff seeks by said amendment to set up a new, separate and distinct cause of action, in that the original suit declares upon the notes, whereas, by this amendment it is sought to set up against this defendant a liability for commissions growing out of a real estate deal, or, upon an open account." It clearly appears from what has already been said that we are of the opinion that the amendment to the petition did not set up a separate and distinct cause of action, and we hold that the court properly overruled paragraph 5 of the demurrer.

For no reason assigned did the court err in overruling the demurrers.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*