37285. NATIONAL SURETY CORPORATION *v*. BONEY.

DECIDED FEBRUARY 25, 1959—REHEARING DENIED
MARCH 19, 1959.

*Carl K. Nelson, Nelson & Nelson, Newell Edenfield, Buchanan, Edenfield & Sizemore,* for plaintiff in error.

*Daniel Duke,* contra.

NICHOLS, Judge. ■ It is apparent that the act of March 4, 1958, amending Code § 56-601 conferred exclusive jurisdiction to try actions on the bonds of sheriffs and law-enforcement officers in the county of the officer's residence.

The view that the statute when passed was applicable to pending suits is contrary to the holdings of our Supreme Court.

*Mayor &c. of Cartersville* v. *Lyon,* 69 *Ga.* 577; *Conyers* v. *Commissioners &c. of Bartow County,* 116 *Ga.* 101 (42 S. E. 419).

·· The former case holds that an act or constitutional provision which divests a court of jurisdiction that it formerly had to entertain cases of a particular class, does not affect a pending suit. The latter is of similar import though not exactly in line.

In the case of *Walker Electrical Co.* v. *Walton,* 203 *Ga.* 246, 249 (46 S. E. 2d 184), is a pronouncement of the rule relative to a·question identical in principle with the one now discussed. "The act increasing the jurisdiction of the Civil Court of Fulton County does not contain any restriction or limitation as to cases pending on the effective date of the act, and in the absence of such restriction or limitation, defenses filed or amended after the effective date would fall within the jurisdiction of the court as amended by the act of 1946."

. Thus it appears that an act extending the jurisdiction of a court is· applicable to pending suits, but an act diminishing the jurisdiction or depriving a court of jurisdiction to entertain suits of a class does not apply to pending suits.

Conceding that the General Assembly is empowered, in certain instances, to enact remedial statutes that take effect upon their passage and are applicable to then pending suits, such as where the statute merely changes the mode of trial of cases then pending, or where a court is abolished and all pending cases are necessarily transferred to another court within the same locale, the amendatory act of March 4, 1958, does not in any manner change the remedy in such cases, but merely established venue for the bringing of such actions, and as we construe the act, it is applicable only to cases that were filed subsequently to the passage of said act and most certainly inapplicable to the case at bar since it was filed several months prior to the passage of said act.

"Laws prescribe for the future. Unless a statute, either expressly or by necessary implication shows that the General Assembly intended that it operate retroactively, it will be given only prospective application." *Anthony* v. *Penn,* 212 *Ga.* 292, 293 (92 S. E. 2d 14), and cases there cited.

The act now under consideration reads in part as follows:

"Provided further that any action or suit on the bond of a sheriff, or other arresting or law enforcement officer, upon which any guaranty or surety company or fidelity insurance company is bound and obligated as surety, *shall be instituted* in the county of the residence of such officer, and not in any other county; and the county of the residence of such officer is hereby fixed as the venue of any action or suit on such bond." Ga. L. 1958, pp. 114, 116.

Although the language used in the caption of the act sub judice does have a retroactive connotation that would apply to pending suits, the language used in the body of the act has the opposite or prospective meaning, and affirmatively shows that it applies to future actions only. .

This court is of the opinion that once a right of action is reduced to a petition, filed as a law suit in a court of competent jurisdiction and parties litigant served, it then becomes a vested right in both the plaintiff and defendant to have said cause tried in that particular court, and such right is not subject to be divested by legislation enacted subsequently to the filing of said action in such court of competent jurisdiction to the detriment of either party. More particularly is this true where such legislation, even though it might be considered remedial in nature, does not either expressly or by necessary implication evince such legislative intent. *Anthony* v. *Penn*, 212 *Ga.* 292, supra.

■ The Civil Court of Fulton County has jurisdiction to entertain an action brought on the bonds of officers of Fulton County, though the breach of the bond may have arisen out of wrongful, personal injury inflicted upon the plaintiff. *Hawkins* v. *National Surety Corp.*, 63 *Ga. App.* 367 (11 S. E. 2d 250); *Powell* v. *Fidelity & Deposit Co. of Md.*, 48 *Ga. App.* 529 (173 S. E. 196); *Copeland* v. *Dunehoo*, 36 *Ga. App.* 817, 820 (138 S. E. 267); and *Walker* v. *Whittle*, 83 *Ga. App.* 445 (2) (64 S. E. 2d 87).

The suits arising out of personal injury referred to in the act creating the court were those in which the suit is brought for damages on account of wrongfully inflicted injuries, and not actions on an officer's bond, for malfeasance or misfeasance. Nothing in *Cantrell* v. *Davis*, 176 *Ga.* 745 (169 S. E. 38) presents a contrary view from that here expressed.

■ The sheriff is not, as contended by the defendant, a necessary party to a suit on his official bond. Code § 3-204; *Masters* v. *Pardue*, 91 *Ga. App.* 684, 685 (86 S. E. 2d 704).

The authorities cited by counsel for the defendant have been carefully read but we are constrained to hold are not applicable to the facts of this case. Particularly noticed was the case of *Carlan* v. *Fidelity & Cas. Co. of N. Y.*, 183 *Ga.* 715, 716 (189 S. E. 527) where it is held that a sheriff and his bondsmen are joint contractors. So they are, but the bond of a sheriff is a joint and several obligation of the sheriff principal and bondsman surety.

The various cases relating to equitable actions, and cases of joint liability of joint contractors are interesting, but have no bearing on the question of joinder here dealt with that concerns joint and several obligors.

■ Where as here the points relied upon for a reversal of the trial court were either not raised in the trial court or show no error, the judgment of the trial court must be affirmed.

*Judgment affirmed. Felton, C. J., Gardner, P. J., Townsend and Carlisle, JJ., concur. Quillian, J., dissents.*

QUILLIAN, Judge, dissenting. It is apparent that the act of March 4, 1958, amending Code § 56-601 conferred exclusive jurisdiction to try suits on bonds of sheriffs and law enforcement officers in the county of the officer's residence against whose bond the suit is instituted. That the legislature had the power to enact the statute so as to provide that institution of suits of such nature be in the county of the officer's residence, without offending the rule prohibiting the making of ex post facto laws having retroactive effect, is without question. 11 Am. Jur. 1189, § 361. There is no property right in a remedy, the remedy being merely the means of enforcing the right. 16A C. J. S. 110, § 418.

The view that the statute when passed was applicable to pending suits is supported by holdings of our Supreme Court.

"The act is remedial in its nature, and merely fixes the place where the venue of a suit like the present shall be. The case of *Maynard* v. *Marshall*, 91 *Ga.* 840, 845 (18 S. E. 403), is cited by the plaintiff in error, wherein Judge Bleckley said: 'It is also a general rule applicable to amending statutes, that they

are to be construed as intended to have operation on future transactions only, and as having no retroactive purpose not plainly expressed.' While the act of 1912 is amendatory of the law as then existing with reference to the venue of suits of the kind like the present, the statement of the general rule as to retroactive statutes made by Judge Bleckley can have no application to a case of the kind with which we are dealing. There the amendatory act dealt with the right to recover interest—the substance of the thing,—but here the act relates merely to the place where the right may be enforced. It is remedial, and is not retroactive within the meaning of the provision of the Constitution cited." *Central Georgia Power Co.* v. *Stubbs,* 141 *Ga.* 172, 181 (80 S. E. 636).

In *Walker Electrical Co.* v. *Walton,* 203 *Ga.* 246, 249 (46 S. E. 2d 184) is a pronouncement of the rule relative to a question identical in principle with the one now discussed. "The act increasing the jurisdiction of the Civil Court of Fulton County does not contain any restriction or limitation as to cases pending on the effective date of the act, and in the absence of such restriction or limitation, defenses filed or amended after the effective date would fall within the jurisdiction of the court as amended by the act of 1946."

The opinion in *Pritchard* v. *Savannah Street &c. R. Co.,* 87 *Ga.* 294, 297 (13 S. E. 493, 14 L.R.A. 721), makes it very plain that remedial statutes changing the mode of trial take effect upon their passage and are applicable to pending suits.

When the statute referred to became the law it divested the Civil Court of Fulton County of jurisdiction of the subject matter of the case. The want of jurisdiction of subject matter cannot in any manner be waived by parties to a suit, since the parties to an action cannot confer upon a court jurisdiction or authority other than that vested in the court by law. *Carter* v. *Smith & Sons,* 5 *Ga. App.* 804 (63 S. E. 932); *Dix* v. *Dix,* 132 *Ga.* 630 (64 S. E. 790).

In the opinion of the writer it is clear that a judgment rendered by the Civil Court of Fulton County in the instant case would be a nullity, since it is without authority to entertain the suit. In *Central of Georgia Ry. Co.* v. *Dowe & Co.,* 6 *Ga. App.*

858 (1) (65 S. E. 1091) it was held: "Where section 2334 of the civil code, relating to venue of suits against railroad companies, is applicable, it is exclusive. A suit brought elsewhere than is there provided is void, and the defendant can not waive the question of jurisdiction by pleading to the merits. Other suits against railroad companies are controlled by the general law. *South Carolina R. Co.* v. *Dietzen,* 101 *Ga.* 730 (29 S. E. 292); *Lytle* v. *Sou. Ry. Co.,* 3 *Ga. App.* 220 (59 S. E. 595). The statute does not cover the case of a tort committed in another state. In such cases the question of jurisdiction, so far as it is affected by the venue, must be raised by timely plea or demurrer. See *Central R. Co.* v. *DeBray,* 71 *Ga.* 406; *East Tenn. Ry. Co.* v. *Sudderth,* 86 *Ga.* 388 (12 S. E. 682)."

However, while there is authority to the contrary (*Moore* v. *Roberts,* 55 *Ga. App.* 268, 190 S. E. 41; *Burton* v. *Wadley So. Ry. Co.,* 25 *Ga. App.* 599 (2), 103 S. E. 881; *Rose* v. *Hines,* 25 *Ga. App.* 791, 104 S. E. 784), it is now well settled that, "The absence of jurisdiction, appearing on the face of a petition, may be raised by general demurrer complaining that the petition fails to allege a cause of action for the relief sought. *Ruis* v. *Lothridge,* 149 *Ga.* 474 (100 S. E. 635); *Coleman* v. *Thomasson,* 160 *Ga.* 81, 85 (127 S. E. 129)." *Mullally* v. *Mullally,* 199 *Ga.* 708 (2) (35 S. E. 2d 199).

The trial court properly considered the scope and merit of the demurrer according to the law of force at the time its order was entered and not as of the time when the suit was instituted or the demurrer filed. *City of Valdosta* v. *Singleton,* 197 *Ga.* 194, 208 (28 S. E. 2d 759); *Western Union Tel. Co.* v. *Smith,* 96 *Ga.* 569 (23 S. E. 899).

The judgment overruling the demurrer was entered on May 28, 1958.

This court like the trial court must consider the question as to whether the judgment was correct or error, under the law as it existed at this time. "Until final judgment upon a pending action, the repeal of a statute which gives the cause of action upon which the suit is predicated destroys the right, and the action ipso facto abates. As long as the defendant has a right of exception to any judgment which may have been rendered in

such an action, such judgment is not final, and the repeal of the statute deprives the courts of any further jurisdiction of the case. *Western Union Telegraph Company* v. *Smith*, 96 *Ga.* 569 [23 S. E. 899]." *Western Union Tel. Co.* v. *Lumpkin*, 99 *Ga.* 647 (26 S. E. 74).

I have carefully reviewed the case of *Bussey* v. *Bishop*, 169 *Ga.* 251 (150 S. E. 78, 67 A.L.R. 287) in which the Supreme Court held in a divided opinion, that a cause of action barred by the statute of limitations could not be revived by a statute subsequently enacted. That case does not relate to the power of the General Assembly to change the venue of certain actions so as to affect the right of a court to entertain a pending suit. I have not overlooked the case of *Mayor &c. of Cartersville* v. *Lyon*, 69 *Ga.* 577, 580, which ruled that the adoption of a constitutional amendment divested justice courts to try suits arising out of damages to realty. It is pointed out in that case that: "The Constitution of 1877 itself provided that such cases should not be disturbed."

A case that upon cursory consideration appears in conflict with what is here held is *Conyers* v. *Commissioners &c. of Bartow County*, 116 *Ga.* 101, 104 (42 S. E. 419) but the case did not deal with the power of the General Assembly to transfer jurisdiction of acts of a particular nature from one court to another. Its holding was confined to the construction of a single constitutional provision and its effect on a pending suit. It clearly appears from the opinion that the suit was instituted in the year 1868, and at that time suits against counties were required to be brought against the inferior courts which were by law made the governing bodies of the counties; that later in 1876 when the General Assembly required that actions against counties be brought against county commissioners, by amendment the county commissioners were made the nominal defendants in the stead of the inferior court. The Constitution of 1877 provided that suits by or against a county should be brought in the name thereof. There was no amendment designating the county as defendant, in the stead of the county commissioners. It is apparent that, since the Constitution did not purport to make the provision applicable to pending suits, the Supreme Court held in *Conyers* v.

*Commissioners &c. of Bartow County,* supra, at page 104, "But as the county had been properly sued in an authorized name and a suit was pending against it in that name, we know of no reason why the plaintiff may not proceed against the county in that name, certainly until some one in behalf of the county raises the objection that the name of the defendant should be changed to that which would be in accord with the rule and practice growing out of the provision of the Constitution of 1877. If the County of Bartow sees proper to litigate with this plaintiff, as it has a right to do, in the name in which suit might have been properly brought and suffers a judgment to go against it in that name, it can not raise the objection that the judgment is void on account of the failure of the plaintiff to make a formal amendment changing the name of the defendant to comply with the rule laid down in the Constitution, which was never intended to apply to or affect pending suits."

How different is the restriction there dealt with from that we consider here. The act of 1958 expressly provides not only that suits on sheriff's bonds be brought only in the court of the sheriff's or law-enforcement officer's residence, but in plain terms declares "the county of the residence of such officer is fixed as the venue of any action on such bond."

In other jurisdictions the rule seems to be that a statute relating to venue may be applied to pending suits, unless the legislature expressly provides to the contrary. Schoen *v.* Mountain Producers Corp., 336 U. S. 937 (69 S. Ct. 746, 93 L. Ed. 1095) ; Hine *v.* Pomeroy, 39 Vt. 211.

The Georgia rule is exactly opposite; unless an act of the legislature is by its terms retroactive, it will not apply to pending suits. *Moore* v. *Gill,* 43 *Ga.* 388; *Leathers* v. *Turner,* 75 *Ga. App.* 62, 65 (41 S. E. 2d 921) ; *Seaboard Air-Line Ry. Co.* v. *Benton,* 175 *Ga.* 491 (3) (165 S. E. 593). But as previously noted the act of 1958 is very positive and in direct terms provides not only that all suits be filed in the county of the officer's residence, but fixes the venue in that county. In these circumstances the conclusion is inescapable that the act of March 4, 1958, has retrospective operation and vested venue of all suits

on bonds of sheriffs and law-enforcement officers in the county of such officer's residence.

Other authority for this view is the case of *Bailey* v. *State*, 20 *Ga.* 742, where in construing an act of similar language to that of the 1958 act it was said the words, "any action", may as well mean an action now in existence as any action hereafter commenced, and it is not straining to give them this interpretation.

In my opinion the judgment of the trial judge should be reversed.