45294. MUSCOGEE COUNTY BOARD OF TAX ASSESSORS v. ALEXANDER BROTHERS LUMBER COMPANY.

45295. MUSCOGEE COUNTY BOARD OF TAX ASSESSORS v. SAUNDERS.

ARGUED APRIL 14, 1970—DECIDED MAY 25, 1970.

*Young, Dicus & Ford, Harry Dicus, Charles M. Evert,* for appellant.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Gardiner W. Garrard,* for appellees.

EVANS, Judge. On May 13, 1969, arbitration was requested by the appellee-taxpayer under *Code Ann.* § 92-6912 (Ga. L. 1958, p. 387). At that time the results would have been final in determining the assessment. See *Whitehead v. Henson,* 223 Ga. 329, 332 (155 SE2d 391). But on July 1, 1969, a new law authorizing further appeal within 30 days of the arbitrators' decision was authorized by Georgia Laws 1969, p. 942. The arbitrators' decision was dated July 22, 1969, and thereafter, within 30 days (August 12, 1969) the board of tax assessors appealed. A motion to dismiss the appeal was sustained, and the case is here to review that judgment.

Appellee argues with considerable force that no right of appeal exists in this case because the new law so providing was not operative upon the present case which had been initiated and was pending in the lower court prior to the effective date of said new law; and he stoutly maintains that said Act cannot be given a retrospective application. He cites language from the case of

*National Surety Corp. v. Boney,* 99 Ga. App. 280, 284 (108 SE2d 342), to show that a litigant has a vested right in a pending action which cannot be divested by subsequent legislation that would prevent the trial of the cause in the particular court in which the same is filed. Judge Nichols, while a member of this court, was author of the language cited in the *Boney* case. Subsequently Judge Nichols was placed on the Supreme Court of Georgia, and held in the case of *Hill v. Willis,* 224 Ga. 263, 265 (161 SE2d 281) that: "A reviewing court should apply the law as it exists at the time of its judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment that was correct at the time it was rendered and affirm a judgment that was erroneous at the time, where the law has been changed in the meantime and where such application of the new law will impair no vested right under the prior law." To the same effect see: *City of Valdosta v. Singleton,* 197 Ga. 194, 208 (38 SE2d 759), and *Fulton County v. Spratlin,* 210 Ga. 447 (80 SE2d 780). Thus, the statute providing for an appeal, which became effective prior to determination of this case in the trial court, is fully effective to allow the appeal. That a litigant has no vested right in litigation which renders it immune from the effect of new legislation is clearly held in the following authorities: *Hardeman v. Downer,* 39 Ga. 425, 429; *Woodburn v. Western Union Tel. Co.,* 95 Ga. 808 (23 SE 116); *Western Union Tel. Co. v. Smith,* 96 Ga. 569 (23 SE 899); *Western Union Tel. Co. v. Lumpkin,* 99 Ga. 647 (26 SE 74); *Franklin v. Harper,* 205 Ga. 779, 792 (55 SE2d 221); *Fulton County v. Spratlin,* 210 Ga. 447, supra. The lower court erred in sustaining the taxpayer's motion to dismiss the appeal.

*Judgment reversed. Hall, P. J., and Deen, J., concur.*