### 11077.   HINES, director-general, *v.* ZELLNER.

JENKINS, P. J.   1. The first contention of the plaintiff in error is decided adversely to him in the recent ruling of the Supreme Court in *Robinson* v. *Central of Ga. Ry. Co.*, 150 *Ga.* 41 (102 S. E. 532).

2. The act of Congress of March 21, 1918, and the rules promulgated by Federal authority in pursuance thereof, while limiting the interference of government control of railroads by prohibiting the enforcement of judgments and decrees through attachment or levy, did not intend either to extinguish or impair, but on the contrary expressly preserved, the rights of parties to prosecute to judgment, in the name of the director-general of railroads, any cause of actions against the railroad companies

to which they as parties were entitled under the Federal, State, or common law. See Dantzler Lumber Co. *v.* Texas & P. R. Co., 4 A. L. R. 1669, 1710, note; *McAdoo* v. *Martin*, 24 *Ga. App.* 485 (101 S. E. 312). Under the power thus given, the liability of the director-general is not limited to claims growing out of a breach of duty to safely transport freight and passengers.

*Judgment affirmed. Stephens and Smith, JJ., concur.*

DECIDED MAY 5, 1920.

Action for damages; from Monroe superior court — Judge Searcy. November 8, 1919.

Pursuant to an act of Congress of August 29, 1916 (9 Fed. Stat. Ann., 2d ed., 1095), which empowered the President, in time of war, to take possession and assume control of any system or systems of transportation and utilize them for the transportation of troops and materials of war, the President, on December 26, 1917, assumed control of the railroads of the United States and appointed as director-general of railroads William G. McAdoo (then the secretary of the treasury). An act of March 21, 1918 (Fed. Stat. Ann. Supp. 1918, p. 757), which in detail recited how the control so granted the President should be exercised, provided as follows (sec. 10) : "Carriers while under Federal control shall be subject to all laws and liabilities as common carriers, whether arising under State or Federal laws or at common law, except in so far as may be inconsistent with the provisions of this act or any other act applicable to such Federal control or with any order of the President. Actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law; and in any action at law or suit in equity against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the Federal Government." A general order issued by the director-general on October 28, 1918 (No. 50), provided as follows: "Actions at law, suits in equity, and proceedings in admiralty hereafter brought in any court based on contract, binding upon the Director-General of Railroads, claims for death or injury to persons, or for loss and damage to property, arising since December 31, 1917, and growing out of the possession, use, control, or operation of any railroad or system of transportation by the Director General of Railroads, which action, suit or proceeding but for Federal control might have been brought against

the carrier company, shall be brought against William G. McAdoo, Director General of Railroads, and not otherwise."

In this case the widow of a person not a railway passenger or employee sought to recover damages for the homicide of her husband, alleged to have been occasioned by the negligent operation of a train at a public grade crossing. The action was originally against the Central of Georgia Railway Company, but by amendment Walker D. Hines, director-general of railroads of the United States, was substituted as defendant, and he demurred to the petition, on the theory that such a suit was not maintainable against the director-general of railroads, because (1) the government is not liable to be sued for the tortious conduct of its employees, except in such cases as are authorized by act of Congress, and at the time of the alleged injury (January 31, 1918) there was no authority from Congress for the maintenance of a suit against the director-general of railroads; and (2) even if General Order No. 50 can be construed as authorizing an amendment making the director-general of railroads the defendant in the suit, the liability alleged in this case is not the liability of a common carrier, which includes only a breach of its duty to transport safely freight and passengers. The demurrer was overruled, and the defendant excepted.

*Cleveland & Goodrich, Persons & Persons,* for plaintiff in error.
*James L. Anderson, Westmoreland & Westmoreland,* contra.