## 11366.   Rose v. Hines, director-general.

Jenkins, P. J.   1. Failure to show jurisdiction is an amendable defect in a petition, and if the omission is not challenged by demurrer, with opportunity given to amend, a dismissal which has been entered for another and different reason will not be upheld because of such omission. *Burton* v. *Wadley Southern Ry. Co.*, 25 *Ga. App.* 599 (103 S. E. 88).

2. The claim against the railway company having arisen out of a liability incurred by its relief department as incident to the operation of its railway system, an action to enforce the claim would be against the railway company, but for Federal control. *Washington* v. *Atlantic Coast Line R. Co.*, 136 *Ga.* 638 (71 S. E. 1066). The act of Congress of March 21, 1918, and the rules promulgated by Federal authority in pursuance thereof did not intend either to extinguish or impair, but, on the contrary, expressly preserved, the rights of parties to prosecute to judgment, in the name of the director-general of railroads as defendant, any cause of action that they had against the railway companies under the Federal, State, or common law. *Hines* v. *Zellner*, 25 *Ga. App.* 272, (103 S. E. 97). The court erred in dismissing the suit on general demurrer.

*Judgment reversed. Stephens and Smith, JJ., concur.*

Decided November 10, 1920.

Complaint; from city court of Savannah — Judge Freeman. January 5, 1920.

The suit was filed October 20, 1919. The Atlantic Coast Line Railroad Company was originally one of the defendants, but was stricken by amendment. The petition alleges: "Under and by virtue of a proclamation of the President of the United States and the laws of Congress relative thereto, Walker D. Hines, director-general of railroads of the United States, and his predecessors in office, is now and was on April 12, 1918, controlling and operating" the Atlantic Coast Line Railroad Company. That company "and Walker D. Hines, director-general as aforesaid, maintain and operate a Relief Department, which is a department of the company's service, of the nature of a mutual benefit association, the object of which is the establishment and management of a fund to be known as the 'Relief Fund,' for the payment of definite amounts to employees contributing thereto, who are known as members of the Relief Fund, when, under the regulations of the said Relief Department, they are entitled to such payment, by reason of accident or sickness. The Relief Fund consists of contributions from members thereof, and benefits due

to members by reason of sickness or disability are guaranteed by the said Atlantic Coast Line Railroad Company." On April 12, 1918, plaintiff was in the service of the said company and in good standing as a member of the relief department, holding a certificate of membership, a copy of which is attached to the petition; and while actually on duty on one of the trains of the company on that date he suffered a stroke of paralysis, which totally incapacitated him from further work, and by the terms of his certificate in the relief fund and the regulations governing the same he is entitled to the benefits provided by the relief fund, to wit, the sum of $1 per day for 52 weeks, except $42 which was paid to him, and the defendant refuses to pay his claim. He sues the said director-general for $317 and interest.

A general demurrer to the petition was sustained in an order in which the judge said: "Whatever the plaintiff's rights may be as against the Atlantic Coast Line Railroad Company, it seems to me that the petition is insufficient to make a case against demurrer, because it does not appear either that the defendant took over the relief department of the company, or that under the law governing the railroad administration, or the orders pursuant thereto, so far as I am advised thereof, he was authorized to do so."

*Oliver & Oliver, W. S. Connerat,* for plaintiff.
*Osborne, Lawrence & Abrams,* for defendant.