## PAYNE, Agent, v. WALLIS. (No. 702.)

(Court of Civil Appeals of Texas. Beaumont. June 1, 1921.)

**I. Railroads ⊜5½, New, vol. 6A Key-No. Series—Federal Director General liable for injuries from defective crossing.**

Where the Director General of Railroads, after taking charge of a railroad, continued to maintain and operate trains over a crossing without in any way attempting to remedy the defective and dangerous conditions surrounding it, he was responsible for negligence in maintaining such condition, though the crossing was constructed long before he took charge.

**2. Appeal and error ⊜1010(1)—Finding that failure to ring bell was cause of collision held not to be disturbed.**

A finding that the failure to ring the bell as a train approached a crossing was the proximate cause of a collision with an automobile cannot be disturbed, though there was a brakeman on the end of the car colliding with the automobile to give warning to persons approaching where the evidence showed that the crossing was in such a deep cut, and the view thereof was so obstructed by an embankment that it was doubtful whether the driver of the automobile could have been seen by the brakeman in time to prevent the collision.

**3. Railroads ⊜350(22) — Automobile driver going 12 miles an hour, though view was obstructed, held not negligent as a matter of law.**

It was not contributory negligence as a matter of law to approach a railroad crossing in an automobile at a speed of 12 miles an hour, though the view of approaching trains was greatly obstructed, and the automobile driver was familiar with the crossing, where he knew that trains were not operated over the crossing more than once a day, and sometimes not oftener than once a week, and he testified that he was looking and listening for trains.

Appeal from District Court, Milam County; W. G. Gillis, Judge.

Action by R. C. Wallis against John Barton Payne, Agent, and another. From a judgment for plaintiff, defendant Payne appeals. Affirmed.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Chambers & Wallace, of Cameron, for appellant.

E. A. Camp, of Rockdale, for appellee.

HIGHTOWER, C. J. The appellee, Wallis, filed this suit in one of the justice courts of Milam county against James A. Baker, in his capacity as receiver of the International & Great Northern Railway Company, and the Director General of Railways, praying a recovery for damages to a Ford automobile in the sum of $150. It was alleged that the automobile was damaged in a collision with one of appellant's trains at a point where one of appellant's spur tracks crosses over a public highway. Negligence was predicated on improper construction and maintenance of appellant's crossing over the highway, and also upon the negligent operation of the train at the time of the collision, in that the air brakes of the train were not connected; that a proper lookout was not kept; that the bell on the engine was not ringing, nor was the whistle blown at the time the train was approaching the crossing.

The appellant answered by general demurrer and general denial, and contributory negligence on the part of appellee.

Judgment was rendered in favor of appellee for $150, and on appeal to the county court on trial de novo judgment was rendered by the trial judge without a jury for the same amount. The trial judge filed the following findings of fact:

"I find that at the time alleged in plaintiff's petition the I. & G. N. Railroad ran through Milam county, and from Rockdale to and through Milano, Tex.; that a public road known as the Rockdale and Milano public road ran parallel with and adjacent to said railroad right of way; that at a point about 2 miles east of Rockdale was what was known as the International coal mine, located some distance north of said railroad; that a spur or switch track ran from the main line of the railroad northeast across said public road to said mine; and that the location of the railroad, public road, and switch, and their relative locations and conditions, had been the same for a long period of time, and were well known to both plaintiff and defendant.

"I find that the main line track to the east of the point where said switch leaves the main line of railroad track is in a considerable cut, and gradually goes out of the cut to the west, and that said switch leaves the main track on the westward side, but in such cut, and that said switch at the point where it crosses the public road is in a cut some 2 or 3 feet below the natural lay of the land at this point, and that the natural lay of the land along the dirt road and the railroad from said switch and switch point eastward is considerably down grade; that the dirt moved in making the excavation for the switch and the main line of the railroad was piled up on the right of way along the main line track, and in the apex of the angle made by the intersection of the switch track and the main line track, and that on account of the main line track and switch track being in the cut below the natural lay of the land, and on account of the dirt being piled as above found, and on account of the up grade going westward on the public road, that one approaching such switch on the east along the public road, could not see coal cars at and along said road crossing until such person was within 15 to 30 feet of the crossing and until such person had reached a point near the down grade in the road approaching the switch.

"I find that at the time of the accident the road was wet and slippery; that the plaintiff was traveling said public road, and approached said switch crossing from the east, traveling about 12 miles per hour, in a Ford automobile; that at the time the defendant's employés were switching some empty coal cars from the main line towards said coal mine; that the engine was near the point where the switch leaves the main line, either on the main line or just entering the switch, and was pushing five empty coal cars over said switch towards said road crossing, and that the train was moving about 8 miles per hour; that the air brakes on the cars were unconnected with the locomotive; that the bell was not ringing, and that the plaintiff did not see such cars until he was within about 15 feet of the switch crossing; that plaintiff immediately applied his emergency brakes, and the brakeman, who was on the front car, immediately signaled the engineer to stop the train; that after the plaintiff and defendant's employés each discovered the other, all parties did all they could to prevent the collision; that after plaintiff discovered the cars, on account of the down grade approaching the switch, and the wet, slippery condition of the road, the plaintiff was unable to stop the automobile before getting on the switch, and the defendant's employés were unable to stop the train before the front car had passed the road crossing; and that said front car collided with plaintiff's automobile, damaging the same to the amount of $150."

The court further found that appellant was guilty of negligence in failing to ring the bell on the locomotive as it approached the crossing where the collision occurred, and that it was also guilty of negligence in the construction and maintenance of the crossing over the public road, and that such negligence became and was the proximate cause of the collision which resulted in the damage to appellee's automobile, and further found as a fact that appellee was not guilty of contributory negligence as claimed by appellant.

Appellant, by proper assignments, has challenged each finding made by the trial court.

Upon examination of the evidence found in the record, we have concluded that the evidence was abundantly sufficient to warrant the finding made by the trial judge that as the train approached the crossing where the collision occurred the bell on the engine was not ringing, and that the court was justified in his conclusion that a failure to have the bell ringing at the time constituted negligence, and that such negligence was a proximate cause of the collision. We are also of the opinion that the evidence was abundantly sufficient to warrant the finding of the

trial court that the manner in which the crossing over this public road was constructed and maintained constituted negligence, and that it also was a proximate cause of the collision.

[1] With reference to the contention of appellant that the undisputed evidence showed that the crossing was constructed long prior to the time appellant took charge of the railroad, and that therefore, appellant, in his capacity as Director General of Railroads under the government, could not be held liable for such negligent construction, cannot be sustained, for the reason that it is undisputed that the Director General did continue to maintain and operate trains over such crossing without in any way attempting to remedy the defective and dangerous conditions surrounding the same, and therefore for negligence in maintaining such condition he must be held responsible. While appellant makes this contention, no authorities are cited in its support, and we think that the assignment must be overruled.

[2] It is further contended by appellant that the failure to have the bell on the engine ringing as the coal train approached the crossing, if negligence, was not a proximate cause of the collision wth appellee's automobile, for the reason, as contended by appellant, that there was a brakeman on the end of the car which collided with the automobile to give warning to persons approaching the crossing on the highway, and that the brakeman was just as effectual for this purpose as would have been the ringing of a bell on the engine. Appellant, in making this contention, loses sight of the fact that the undisputed evidence showed that this train, while approaching the crossing, was in such a deep cut and the view thereof so obstructed by dirt that had been thrown up, constituting an embankment, that it is doubtful whether appellee, while approaching the crossing, could have been seen by the brakeman in time for him to have warned appellee and prevented the collision; whereas it is very probable that, if the engine bell had been kept ringing, appellee might have heard it in time to have saved himself from the collision, whether he saw the train or brakeman thereon or not. The record is not in such shape as to permit us to disturb the finding of the trial court on this point, and the assignment is overruled.

[3] The contention made by appellant that the evidence showed that appellee was guilty of contributory negligence as a matter of law is overruled. This contention is based upon the fact that the evidence shows that appellee was thoroughly familiar with conditions surrounding this crossing, and that, notwithstanding his knowledge of such conditions, he approached the same at the rate of speed of 12 miles per hour, and that an ordinarily prudent person, under said circumstances and with said knowledge, would not have

approached the crossing at such a high rate of speed; and appellant further contends that the undisputed evidence showed that appellee used no care in approaching this crossing to ascertain whether a train might be approaching at that time, and that under all these facts appellee was guilty of contributory negligence as a matter of law.

The appellee testified, positively, that while approaching the crossing at the time of the collision he did look and listen for any train that might be approaching the crossing, and that he neither saw nor heard any train until he was within a distance of between 15 and 30 feet of the crossing, and that then he was unable to stop his car in time to prevent the collision. Unquestionably the undisputed evidence shows that the view to an approaching train to this crossing by one on the public highway was greatly obstructed, and that, while appellee was familiar with this situation, he also knew, as is shown by the undisputed evidence, that not more than once a day was a train operated over this crossing, and sometimes not oftener than once a week, and in view of the fact, as testified to by him, that he was both looking and listening for the approach of a train to the crossing at the time, we would not be warranted in holding that he was guilty of negligence which proximately contributed to the collision as a matter of law, simply because his Ford car was going at a rate of speed of 12 miles an hour. In this connection counsel for appellant cite several authorities, which we have given careful consideration, but, without discussing them, we find that they would not be authority for holding that appellee, in this connection, was guilty of contributory negligence as a matter of law.

Among the cases cited is that of Railway Co. v. Edwards, 100 Tex. 22, 93 S. W. 106. We have many times had occasion to refer to the decision in the Edwards Case, and are convinced that the conclusion there reached and the rule there announced is sound, notwithstanding the fact that the Supreme Court of this state, in several cases of more recent date, has, in our opinion, held contrary to the rule there announced. In such decisions, however, no mention was made by the court of the Edwards Case, and, so far as we know, it has never been expressly overruled. The rule announced in the Edwards Case was, substantially, that where it was admitted or shown without contradiction by the evidence that a person approaching a railroad crossing, a place of inherent danger, without using any care, such as by looking or listening, for the approach of a train to the crossing, and where it was shown that there was no obstruction to the view of an approaching train to the crossing, such person so approaching the crossing would be guilty of contributory negligence as a matter of law. We understand that to be the

holding in the Edwards Case, and many other cases prior thereto, by the Supreme Court of this state, and, when a situation of that sort comes before this court, we will follow the holding in the Edwards Case until the Supreme Court of this state shall have expressly overruled it. But the rule announced in the Edwards Case cannot be invoked here, for the reason, as we have shown, that the evidence shows conclusively that the view to the approaching train, which collided with appellee's automobile, was seriously obstructed, and also because the evidence was sufficient to warrant a finding by the trial judge that appellee used proper care, by both looking and listening for an approaching train, at the time he was approaching the crossing, but that he was unable to see the train by reason of such obstructions, and was unable to hear it, because no signal of its approach was given.

This disposes, in effect, of all assignments of error, and they are overruled, and the judgment will be affirmed.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes