(October 21, 1922.)

## HYRUM GEDDES, Respondent, v. JOHN C. DAVIS, Director-General of Railroads, Appellant.

[210 Pac. 584.]

SUFFICIENCY OF COMPLAINT—CAUSE OF ACTION AGAINST DIRECTOR-GENERAL—CONFLICT BETWEEN GENERAL AND SPECIAL VERDICTS.

1. In a suit for damages against the director-general of railroads, a complaint which alleges a particular railroad is under his control sufficiently alleges negligence against defendant when it alleges negligence on the part of the railroad.

2. A suit for the negligent killing of one at a railroad crossing when said railroad was under federal control is maintainable against the director-general of railroads, recovery being only against the United States.

3. Where a general verdict and special verdicts are not in conflict, a judgment in conformity with the general verdict is properly entered.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. F. J. Cowen, Judge.

Action for damages. From order overruling motion for new trial, defendant appeals. *Affirmed.*

Geo. H. Smith, H. B. Thompson and Jno. O. Moran, for Appellant.

The complaint does not state a cause of action, and under the pleadings and proof the defendant was entitled to a directed verdict. The complaint nowhere alleges that the relation of master and servant or *respondeat superior* existed. (*Brady v. Chicago & G. W. Ry. Co.*, 114 Fed. 100.)

Where a statutory cause of action is created against the United States, the claimant cannot recover unless he brings himself clearly within the terms of the statute. (*Sherwood v. Stephens*, 13 Ida. 399, 90 Pac. 345; *Perkins v. Loux*, 14 Ida. 607, 95 Pac. 694; *United States v. Perryman*, 100 U. S. 235, 25 L. ed. 645.)

"Where a special finding of fact is inconsistent with the general verdict, the former controls the latter, and the court must give judgment accordingly." (C. S., sec. 6861; *Bradbury v. Idaho & Oregon Land Imp. Co.*, 2 Ida. 239; 10 Pac. 620; *Gwinn v. Gwinn*, 5 Ida. 271, 48 Pac. 295; *Wyllie v. Kent*, 28 Ida. 16, 152 Pac. 194; *Franklin Co. v. Bannock Co.*, 28 Ida. 653, 156 Pac. 108; *Leonard v. Brady*, 27 Ida. 78, 147 Pac. 284; *Shaughnessy v. Northland S. S. Co.*, 94 Wash. 325, 162 Pac. 546; *Vincent v. Black*, 30 Ida. 363, 166 Pac. 923.)

Peterson & Coffin, for Respondent.

The complaint states a cause of action against the director-general of railroads, and the special verdict of the jury is consistent with the general verdict and responsive to the pleadings and the proof. (See authorities cited in *Geddes v. Davis, post*, p. 207.)

GIVENS, District Judge.—This action was instituted by the plaintiff for the recovery of damages for the death of his infant son, occasioned by his being run over by a locomotive at a point where the Oregon Short Line Railroad tracks crossed a public street in Blackfoot, Idaho, Septem-

ber 12, 1918, said railroad at that time being under federal control.

The trial was had upon a second amended complaint, to which complaint a demurrer had been interposed urging, among other things, that the complaint did not state facts sufficient to constitute a cause of action against defendant, which demurrer was by the trial court overruled.

At the conclusion of the trial the jury rendered a general verdict in favor of the plaintiff and against the defendant Walker D. Hines, Director-General, and the Oregon Short Line Railroad Company, for $8,500 damages.

The jury also returned four special verdicts, the following being the only two material to a proper determination of this case:

"Q. What was the proximate cause of the accident on September 12, 1918, in which David Geddes lost his life?

"A. The negligence of the Oregon Short Line Railroad Company by not having a watchman or gates.

"Q. Was such accident caused by the negligence of any of the Oregon Short Line Railroad Company employees, and if so, whose?

"A. Yes, by the general management."

Thereafter the clerk on November 21, 1919, entered judgment for plaintiff in the sum of $8,500, which judgment was on February 18, 1920, set aside by the trial judge, who entered judgment for the defendant *nunc pro tunc* as of November 21, 1919.

Appellant herein, defendant below, on November 24, 1919, served on respondent herein, plaintiff below, a motion for a new trial, which motion was denied by the trial court, and appellant has appealed from said order denying said motion, on the grounds that the court erred in not sustaining defendant's demurrer.

Respondent herein, plaintiff below, contends that the complaint is sufficient, and that the first judgment entered is correct, and that there is no conflict between the general and special verdicts.

In 1917 the President of the United States under an act of Congress took over the control and operation of the railroads of the country, among them being the Oregon Short Line Railroad.

The federal control act of 1918, sec. 10, provided among other things: "That carriers while under federal control shall be subject to all laws and liabilities as common carriers, whether arising under state or federal laws or at common law, except in so far as may be inconsistent with the provisions of this act or any other act applicable to such federal control or with any order of the President. Actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law; and in any action at law or suit in equity against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the federal government."

The President's proclamation stated in part, that: " . . . . until and except so far as said directors shall from time to time by general or special orders otherwise provide, the board of directors, receivers, officers and employees of the various transportation systems shall continue the operation thereof in the usual and the ordinary course of the business of common carriers, in the name of their respective companies, . . . . but suits may be brought by or against said carrier and judgments rendered as hitherto until and except so far as said director (general) may, by general or special orders, otherwise determine."

General order No. 50 issued by the director-general required all actions at law and claims, " . . . . for death or injury to person . . . . arising since December 1, 1917, and growing out of the possession, use, control or operation of any railroad or system of transportation by the director general of railroads, which action, suit or proceeding but for federal control might have been brought against the carrier company, shall be brought against William G. McAdoo, Director-general of railroads, and not otherwise; . . . . "

General order No. 50–A did not alter the situation so far as this case is concerned.

Entitling the action against the director-general was merely a *modus vivendi* while the railroads were under federal control.

The complaint in conformity with these requirements was against the director-general as defendant and alleged the acts of negligence on the part of the railroad in respect to which the cause of action arose, and it is sufficiently alleged in the complaint that the negligence of the Oregon Short Line Railroad Company under federal control caused the accident. (*Hines v. Rubnitz,* 26 Ga. App. 354, 106 S. E. 589.)

Whatever the exact relationship between the director-general and the carriers, the same liability and responsibility continued as before except in so far as any action against the director-general in respect to the carrier might interfere with the operation of said railroads in connection with the furtherance of the war, etc.

If the contention of counsel for appellant is correct, there would be a hiatus between the time the director-general took over the railroads, and until such time as he would have become familiar with and in a position to rectify any conditions existing upon said railroads which might subject them to damages, when no enforceable liability would exist against anyone; such is not the construction to be placed upon the acts of Congress, the proclamation of the President, or the general orders of the director-general. (*Payne v. Wallis* (Tex. Civ.), 231 S. W. 1114.)

Clearly this is an action which but for federal control might have been brought against the carrier. (*Smith v. Babcock & Wilcox Co.,* 260 Fed. 679; *Westbrooke v. Director-General of Railroads,* (D. C. N. D. Ga.), 263 Fed. 211; *Renno v. Seaboard A. L. Ry. Co.* (S. C.), 112 S. E. 439; *Missouri Pac. R. Co. et al. v. Ault,* 256 U. S. 554, 41 Sup. Ct. 593, 65 L. ed. 1087; *Dahn v. Davis,* 258 U. S. 421, 42 Sup. Ct. 320, 66 L. ed. 374; *McGill v. McAdoo,* 35 Ida. 283, 206 Pac. 1057.)

Under the acts of Congress and the President's order of December 26, 1917, assuming control of railroads defining the liability of carriers under federal control, and the general orders of the director-general, a suit for the negligent killing of one at a railroad crossing is maintainable against the director-general of railroads. (*Hines v. Zellner*, 25 Ga. App. 272, 103 S. E. 97.)

Our statutes provide that a special verdict "must present the conclusion of fact as established by the evidence." (C. S., sec. 6860.)

Under the pleadings in this case, the question as to who was negligent as between the director-general or the railroad, if it was necessary of determination, was a legal conclusion to be drawn by the court from the facts as found by the jury. The special finding of negligence against the Oregon Short Line Railroad was a finding that the instrumentality which was negligent, and the carrier in respect to which the accident occurred, was the carrier known as the Oregon Short Line Railroad Company, not that it was or could be a finding fixing the liability on the system of transportation known as the Oregon Short Line Railroad Company as distinguished from the director-general in the operation of said carrier under federal control. If such was the intention of the jury in said special findings, it was a mere nullity, because it was a conclusion of law, and the jury has no authority to make such a conclusion, nor would it be binding in any way.

The jury in the two special verdicts here being considered, construing them together, held in effect, that the "general management" of the Oregon Short Line Railroad Company was responsible for the accident in not having gates or a watchman. The first being a legal conclusion, except in so far as it exculpated any of the minor employees from blame, was surplusage; the second, a statement of fact, is not inconsistent with the finding in the general verdict.

The first judgment based upon the general verdict was a valid judgment and the lower court had no authority to

enter the second judgment. (*Peterson v. California Cotton Mills Co.,* 20 Cal. App. 751, 130 Pac. 169; *Iowa City State Bank v. Biggadike,* 131 Ark. 514, 199 S. W. 539.)

Since the complaint stated a cause of action, the trial court properly overruled the motion for a new trial, and said order is affirmed. Costs awarded to respondent.

Rice, C. J., and McCarthy and Dunn, JJ., concur.