(October 21, 1922.)

HYRUM GEDDES, Appellant, v. JOHN C. DAVIS, Director-General of Railroads, Respondent.

[210 Pac. 586.]

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. F. J. Cowen, Judge.

Action for damages. Appeal from an order setting aside judgment for plaintiff and entering judgment for defendant. *Reversed* and *remanded,* with instructions to reinstate first judgment.

Peterson & Coffin, for Appellant.

Where general and special verdicts are rendered, in the absence of a motion to the contrary, judgment must be entered on the general verdict by the clerk. (*Napa Valley Packing Co. v. San Francisco Relief etc.*, 16 Cal. App. 461, 118 Pac. 469.)

After the entry of the judgment by a clerk of a court of *nisi prius* on a general verdict the trial court is without authority to order an amendment of the entry to conform to a special verdict inconsistent with the general verdict. (C. S., secs. 6860, 6861, 6864, 6895; *Wyllie v. Kent*, 28 Ida. 16, 152 Pac. 194; *Lawrence v. Corbeille*, 28 Ida. 329,

154 Pac. 495; *Newell v. Houlton,* 22 Minn. 19; 1 Black on Judgments, sec. 157, p. 229; *Welch v. Keene,* 8 Mont. 305, 21 Pac. 25; *Takekawa v. Hole,* 170 Cal. 323, 149 Pac. 593; *Elder v. Richmond Gold & Silver Min. Co.,* 58 Fed. 536, 7 C. C. A. 334; *Heert v. Cruger,* 35 N. Y. Supp. 1063, 14 Misc. 508; *Heath v. New York B. L. B. Co.,* 32 N. Y. Supp. 454, 84 Hun, 302; *Smith v. Smith,* 57 N. Y. Supp. 1122.)

The general and special verdicts are not inconsistent. (*Barnes v. Atl. Coast Line R. Co.,* 110 S. C. 259, 96 S. E. 530; *Jensen v. Lehigh Valley R. Co.,* 255 Fed. 795; *McAdoo v. Burch,* 254 Fed. 140; *Mardis v. Hines,* 258 Fed. 945; affirmed 267 Fed. 171; *Rutherford v. Union Pac. Ry. Co.,* 254 Fed. 880; *Blevins v. Hines,* 264 Fed. 1005; *Hines v. Henaghan,* 265 Fed. 831; *Pullman Co. v. Sweeney,* 269 Fed. 764; *Nash v. Southern Pacific,* 260 Fed. 280; *Erie R. Co. v. Caldwell,* 264 Fed. 947; *Postal Tel. Cable Co. v. Call,* 255 Fed. 850; *Johnson v. McAdoo,* 257 Fed. 757; *Dahn v. McAdoo,* 256 Fed. 549; *Haubert v. Baltimore & O. R. Co.,* 259 Fed. 361; *Louisville & N. R. Co. v. Steel,* 180 Ky. 290, 202 S. W. 878; *Lavalle v. Northern P. R. Co.,* 143 Minn. 74, 172 N. W. 918; *Gowan v. McAdoo,* 143 Minn. 227, 173 N. W. 440; *Palyo v. Northern P. R. Co.,* 144 Minn. 398, 175 N. W. 687; *McGregor v. Great N. R. Co.,* 42 N. D. 269, 172 N. W. 841; *Vaughn v. State,* 17 Ala. App. 35, 81 So. 417; *West v. N. Y., N. H. & H. R. Co.,* 233 Mass. 162, 123 N. E. 621; *Missouri Pac. Ry. Co. v. Ault,* 150 Ark. 572, 216 S. W. 3, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. ed. 1087; *Franke v. Chicago & N. W.,* 170 Wis. 71, 173 N. W. 701; *Schumacher v. Penn. R. Co.,* 106 Misc. 564, 175 N. Y. Supp. 84.)

Geo. H. Smith, H. B. Thompson and Jno. O. Moran, for Respondent.

Where inconsistent general and special verdicts are returned, it is the function of the court to give judgment on the special verdict and of the clerk to enter it. (C. S., sec. 6861; 15 R. C. L. 578.)

The provision of the statute, that when a trial by jury has been had, judgment must be entered by the clerk in conformity with the verdict, is mandatory (unless there be an inconsistent special verdict), and requires the clerk to enter judgment on the verdict without any formal action of the court. (*Sievertsen v. Paxton-Eckman Chemical Co.*, 160 Iowa, 662, 142 N. W. 424.)

The trial court may correct formal or clerical errors in a judgment entered on a directed verdict, though the verdict has been recorded and the time for appeal has expired. (*Schloss v. Geo. E. Lennon, Inc.*, 123 Minn. 420, 144 N. W. 148.)

When the judgment entered by the clerk is not the judgment pronounced and established by the record, it is the duty of the court to act upon the presumption that the error is a clerical misprision rather than a judicial blunder, and set the judgment entry right by an amended *nunc pro tunc*. (Freeman on Judgments, sec. 70; *Anderson v. Parker*, 6 Cal. 197; *Schroeder's Estate*, 46 Cal. 304; *San Francisco v. Brown*, 153 Cal. 644, 96 Pac. 281; *Des Grangers v. Crall*, 27 Cal. App. 313, 149 Pac. 777; *Senkler v. Berry*, 52 Or. 212, 96 Pac. 1070.)

Special verdicts and special findings are identical; the province of the special verdict is to determine principally and primarily whether the general verdict is or is not against law. (*Plyer v. Pac. Portland Cement Co.*, 152 Cal. 125, 92 Pac. 56.)

The general and special verdicts being inconsistent, it is the duty of the court to give judgment in conformity with the special verdict, and a clerical error was committed in entering a judgment on the general verdict. (*Gwinn v. Gwinn*, 5 Ida. 271, 48 Pac. 295; *Bradbury v. Idaho & Ore. Land Imp. Co.*, 2 Ida. 239, 10 Pac. 620.)

The filing of a motion for new trial during the term extended the jurisdiction of the court to grant whatever relief was appropriate. (*Luther Lumber Co. v. Sheldahl Savings Bank*, 22 Wyo. 302, 139 Pac. 433; *Ricketts v. Finkelston* (Mo. App.), 211 S. W. 391.)

Opinion of the Court—Givens, District Judge.

All presumptions are in favor of the regularity of the proceedings in the district court, and that its order to amend the judgment correctly states the facts. (*Watt v. Decker,* 16 Ida. 184, 101 Pac. 253; *Van Camp v. Emery,* 13 Ida. 202, 89 Pac. 752; *Stoddard v. Fox,* 15 Ida. 704, 99 Pac. 122; *Leggett v. Evans,* 16 Ida. 760, 102 Pac. 486; *Pedersen v. Moore,* 32 Ida. 420, 184 Pac. 475.)

GIVENS, District Judge.—In this action the motion of respondent to dismiss the appeal on the ground that no transcript had been filed by appellant has heretofore been denied.

The conclusions reached in the case of *Hyrum Geddes, Respondent, v. John C. Davis, Director-General of Railroads, Appellant, ante,* p. 201, 210 Pac. 584, render it unnecessary to further consider the appeal herein. For the reason therein given, this cause is reversed and remanded with instructions to the trial court to reinstate the judgment first entered in favor of plaintiff below, appellant herein, against Walker D. Hines, Director-General of Railroads, for the sum of $8,500 and interest from Nov. 21, 1919. Costs awarded to appellant.

Rice, C. J., and McCarthy and Dunn, JJ., concur.

Petition for rehearing denied.