14241. SHIELL v. DAVIS, agent, etc.

JENKINS, P. J. 1. Section 206 (a) of the Federal "transportation act" of February 28, 1920 (Fed. Stat. Ann., Supp. 1920, p. 77) provides that "Actions at law, suits in equity and proceedings in admiralty, based on causes of action arising out of the possession, use or operation by the President of the railroad or system of transportation of any carrier (under the provisions of the Federal control act, or of the act of August 29, 1916) of such character as prior to Federal control could have been brought against such carrier, may, after the termination of Federal control, be brought against an agent designated by the President for such purpose, which agent shall be designated within thirty days after the passage of this act. Such actions, suits, or proceedings may, within the periods of limitation now prescribed by State or Federal statutes, but not later than two years from the date of the passage of this act, be brought in any court which but for Federal control would have had jurisdiction of the cause of action had it arisen against such carrier." In an action filed against and served upon a railway corporation during the period of its control by the Federal director-general of railroads under the Federal control act of 1918 and previous legislation, or within

two years subsequent to the date of the act quoted, for a cause of action arising during such control, a proper amendment making the Federal agent as designated by the President a party defendant could be filed and allowed even after the expiration of two years from the date of the act, since such an amendment would relate back to the time of filing the original suit. *Akin* v. *Ordinary,* 54 *Ga.* 59 (5); *Sanders* v. *Allen,* 135 *Ga.* 173 (1) (68 S. E. 1102); *Robinson* v. *Cen. of Ga. Ry. Co.,* 150 *Ga.* 41 (3), 45 (102 S. E. 532), 25 *Ga. App.* 507 (104 S. E. 784); *Hines* v. *Zellner,* 25 *Ga. App.* 272 (103 S. E. 97); *Rose* v. *Hines,* 25 *Ga. App.* 791 (2) (104 S. E. 784); *Byrd* v. *Hines,* 26 *Ga. App.* 726 (106 S. E. 925). Where, however, such a suit, against the railway corporation as such, was filed and served on the railway corporation in November, 1921, after the period of Federal control under section 200 of the "transportation act" had terminated on March 1, 1920, for a cause of action arising during Federal control, and such an amendment was offered on May 23, 1922, both after control by the Federal director-general had terminated and after the railroad had been returned by the government to the original corporate owner, the cause of action arising during government control was maintainable against the government only by virtue of the provisions of the act of 1920; and where such amendment sought only to make defendant a named person as "director-general of railroads in charge of" the said railroad, without essential facts, either showing that such person was the designated agent of the president for the purpose of maintaining such suits, or otherwise indicating an intention to proceed against the agent designated by the President under that act, it was not a proper amendment, and the court did not err in striking the petition as thus sought to be amended.

2. Subdivision (b) of section 206 of the Federal "transportation act" of 1920 (Fed. Stat. Ann., Supp. 1920, p. 78) provides, with reference to service upon the designated agent of the President, as follows: "Process may be served upon any agent or officer of the carrier operating such railroad or system of transportation, if such agent or officer is authorized by law to be served with process in proceedings brought against such carrier, and if a contract has been made with such carrier by or through the President for the conduct of litigation arising out of operation during Federal control. If no such contract has been made, process may be served upon such agents or officers as may be designated by or through the President. The agent designated by the President under subdivision (a) shall cause to be filed, upon the termination of Federal control, in the office of the clerk of each district court of the United States, a statement naming all carriers with whom he has contracted for the conduct of litigation arising out of operation during Federal control, and a like statement designating the agents or officers upon whom process may be served in actions, suits, and proceedings arising in respect to railroads or systems of transportation with the owner of which no such contract has been made; and such statements shall be supplemented from time to time, if additional contracts are made or other agents or officers appointed." Where it was sought to amend a suit against a railway corporation, such as described above in paragraph 1, by making a named person, as "director-general of railroads in charge of" such railway, a party defendant, where a return of

service thereon was made by the sheriff as follows: "I have this day served the defendant, James C. Davis, director-general of railroads in charge of the Seaboard Air-Line Railway Company, by handing a copy of the within petition, process, and amendment to A. Sweerus, agent in charge of the office and place of business of defendant at Townsend, said county and State," and where, in a trial of a traverse to such return, filed by the Federal agent designated by the President (specially appearing for that purpose), it was shown by the undisputed evidence that, while the person actually served was the agent of the railway corporation prior to Federal control, and had been employed by the railroad administration during Federal control, he had ceased to represent the railroad administration, and at the time of service was the agent only of the original railway corporation, no proper service upon the Federal agent designated by the President was shown, even could the amendment, designating as a party defendant the "director-general of railroads in charge of" said railroad, be taken to have been properly brought against such Federal agent. The trial judge, passing by consent on both the law and the facts, properly sustained the traverse.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED OCTOBER 12, 1923.

Complaint; from McIntosh superior court—Judge Sheppard. December 5, 1922.

*Tyson & Tyson,* for plaintiff.

*Conyers & Wilcox,* for defendant.