McNAIR *et al.*, executors, *v.* BROWN *et al.*

1. Where a petition for specific performance was brought by a husband
against his wife, it being prayed that the defendant be required to
execute and deliver a deed conveying to the plaintiff certain described
land alleged to have been formerly conveyed to the defendant to secure
the payment of a certain debt due to the defendant from the plaintiff,
which debt was alleged to have been fully paid, upon the death of the
husband the children of the decedent could not be made parties plain-
tiff, so that the suit might proceed in their names against the widow,
although there was no administration and no debt against the estate;
and the court erred in this case in holding, over proper and timely ob-
jections, that the children should be made parties plaintiff and the
suit proceed in their names.

2. The error pointed out above was of such a character that all proceed-
ings in the case subsequent thereto were entirely nugatory.

NOVEMBER 23, 1912.

Action for specific performance. Before Judge Rawlings. Jef-
ferson superior court. September 4, 1911.

A. J. Williams brought a petition against his wife, Mrs. D. F.
Williams, for specific performance, praying that she be required by
decree to execute and deliver to him a deed of conveyance to 133½
acres of land. The land sued for was a part of a tract of land
which, as appears from the petition, had, on January 1, 1885, been
conveyed by petitioner to his brother, John B. Williams, to secure
the payment of the sum of $2,725, borrowed by petitioner from
the grantee in that deed. By payments the debt was reduced to
$1,375. It is alleged, that; to pay off this balance due said John
B. Williams, petitioner procured other persons, Rivers and McNair,
to advance the necessary amount to John B. Williams; and to
secure Rivers and McNair in the payment of the debt to them,
John B. Williams, on January 29, 1894, conveyed to them 200
acres of the land embraced in the deed from petitioner to John B.
Williams; and for the same purpose petitioner also conveyed said
200 acres to Rivers and McNair. Rivers and McNair sold off or
retained 66½ acres of the 200-acre tract, thereby reducing the
debt of petitioner to them to $850. He alleges, that this $850
was paid by the defendant, his wife, to Rivers and McNair "for
his use and benefit, and as a loan by defendant to him, and that,
instead of having Rivers and McNair convey said 133½ acres of
land to him directly, for the sake of convenience and to better
secure said defendant said conveyance was made directly to her."
This last conveyance embraced the land sued for. Various lots of
land have been sold off from the tract conveyed by Rivers and
McNair to the defendant, for sums which in the aggregate amount
to more than the principal and interest of the indebtedness of
petitioner to defendant. Petitioner has at all times been in posses-
sion of the land sued for; and he prays as stated above. Pending
this suit the petitioner died, and Lizzie Brown and seven others,
alleging that they were all of the children of A. J. Williams, moved
that they be made parties plaintiff, as they and the widow were
the sole heirs of A. J. Williams, and there was no administration
and no debts against the estate. The widow resisted this motion,
insisting, that an administrator of the estate of A. J. Williams

was the only proper person to be made a party plaintiff; that she was an heir of her husband, and, being in possession of the land, could not be sued by the other heirs for its recovery; that if the land belonged to the estate of the deceased plaintiff, then his widow would be entitled to dower in the same, or to a child's part; and that she was entitled to a year's support from the estate of her husband, and a recovery of the land by the children as heirs at law would defeat her year's support, so far as this land is concerned, whereas if an administrator should recover it he could be compelled to use it to pay her year's support. These objections were stricken on motion, and exceptions pendente lite were filed. The defendant died, and her executors were made parties. A trial of the case resulted in a verdict for the plaintiffs, and a motion for new trial was overruled. The defendants excepted, assigning error upon both of the rulings just stated.

Cited: Civil Code, §§ 3929, 3933; *Kent* v. *Davis*, 89 *Ga.* 151; *Gunter* v. *Smith*, 113 *Ga.* 18; *Eagan* v. *Conway*, 115 *Ga.* 130; *Belt* v. *Lazenby*, 126 *Ga.* 767; *Marshall* v. *Pierce*, 136 *Ga.* 543; 22 Am. & Eng. Enc. L. 1065; Buckmaster *v.* Harrop, 7 Ves. 341; Spier *v.* Robinson, 9 How. Pr. 315; House *v.* Dixter, 9 Mich. 246; Webster *v.* Tibbits, 19 Wis. 438; Buck *v.* Buck, 11 Paige, 170; Downing *v.* Risley, 15 N. J. Eq. 93.

*R. N. Hardeman* and *Little & Powell,* for plaintiffs in error.

*Hines & Jordan* and *R. L. Gamble,* contra.

BECK, J. (After stating the facts.) We are of the opinion that the court erred in striking the objections filed by the defendant to the granting of an order making the children of A. J. Williams parties plaintiff. Even if all of the heirs except one could maintain a suit of this character against that one who was in possession of the property sued for, there is sound reason for holding that such a suit could not be maintained when the one in possession is not only a coheir with the plaintiffs, but is an heir having peculiar rights and interests in the property which are not shared by the other heirs who brought the suit. Those peculiar rights and interests are such that the defendant in this case can not as effectually assert them in the present proceeding as under the law she should have an opportunity of doing. On the face of the written conveyances as shown by the petition the title to this property is in the widow and she is in possession of it. Should she under these

circumstances, in case she desires to have a year's support set apart to her or to claim to have a one-fifth interest in this property, as she might do under the statute if the land belongs to the estate of her husband, be compelled to plead that the land is hers, and at the same time to plead that it is her husband's and pray that title to a child's part or a one-fifth interest be decreed to be in her? Or should she be compelled to deny the title of her husband to this land, and at the same time, if she wishes to have dower assigned her, pray that commissioners be appointed for admeasurement of dower? Or it may be, this question depending upon the estate left by her deceased husband, that she would be entitled to have this land or a part thereof set apart to her as a year's support; and the amount of the year's support which she should be allowed and from what property it should be taken, if lands are set apart, can not be determined in this suit, because, if the widow wishes to make application for a year's support, she would be entitled to have appraisers appointed who would set it aside, and to have the ordinary of the county to pass upon the appraisement. While the year's support allowable to a widow is not, in the usual meaning of the term, a debt of the estate, it is in the nature of an encumbrance on the estate; and the widow should not be forced to elect to take dower, or have her claim of year's support passed upon by the proper authorities, until it is decided whether this land is a part of the estate of her deceased husband or not.

*Judgment reversed. All the Justices concur.*