LOVETT *v.* PARKER *et al.*

FISH, C. J. Under the allegations of the petition the action could not
be maintained without an administrator of the estate involved being
made a party defendant. See *McNair* v. *Brown,* 139 *Ga.* 71 (76 S.
E. 575).          *Judgment affirmed. All the Justices concur.*
          No. 2392. FEBRUARY 14, 1922.

Equitable petition. Before Judge Lovett. Jenkins superior
court. December 30, 1920.

The substance of the petition in this case is as follows: Row-
land Lovett, petitioner, was in the possession, under a bond for
title with part of the purchase-money paid, of two described parcels
of land, one containing 47-acres and the other 19 acres. John E.
Parker paid for petitioner to the seller of the land to him the
balance of the purchase-price, taking to himself a conveyance of
the land, and giving to petitioner his bond for title upon the
repayment by him of the money advanced for him by Parker, and
for which Parker had taken his notes. Petitioner subsequently
traded the 19-acre tract to the Brinsons in exchange for certain
land they owned; and to effectuate this transaction Parker conveyed
the 19 acres to the Brinsons, took from them a conveyance to the
land they had traded to petitioner, and agreed to give petitioner
a new bond for title covering the 47-acre tract and the Brinson
land. Parker had the new bond prepared, but died without having
delivered it to petitioner. Prior to the death of Parker, petitioner
transferred to Daniel Sons & Palmer Company the bond for title
that Parker originally gave him, and that company had the bond
marked canceled on the record, and the company, or the clerk
of the superior court, or some one unknown to petitioner, and
without his knowledge or consent, delivered it, as petitioner is
informed and believes, to Parker, and he understands and believes
the bond is now in the possession of the defendants. Parker died
intestate, owing no debts, and leaving as his only heirs at law his
widow, a son and daughter, both of age, and three minors, the
children of a deceased son. There has never been any administration
upon Parker's estate, and it is not likely there will ever be, as
prior to his death he divided among his heirs all of his estate
except the money owing him by petitioner, and he requested his
heirs to divide this among themselves, and not to have any ad-
ministration. Petitioner is neither an heir nor a creditor, and he

is not entitled under the law to have an administration. The heirs of Parker have selected his widow to manage their interests in his estate, and she has done so through her son, who is of age; and petitioner has tendered to them the balance he owes as purchase-money for the land. The suit is brought by petitioner against the six heirs of Parker. The prayers are, that guardians ad litem be appointed for the minors; that petitioner be permitted to pay into court the balance of the purchase-money due, " to be distributed among the heirs aforesaid or paid out as the court may see fit and proper to an administrator of John E. Parker, if one should be appointed, and that it be decreed that the legal as well as equitable title in the 69 acres of land last described, and upon which plaintiff now resides, and which is in his possession, is the property of plaintiff, and not the property of defendants or the estate of John E. Parker, and that they have no interest in said land;" that " should it be held that an administrator upon the estate of John E. Parker is a necessary party to this action, then, in order to save after expense and costs, petitioner prays that this court, having concurrent jurisdiction with the court of ordinary of Jenkins county, Georgia, appoint an administrator upon said estate, and that said administrator be made a party to this action, by an appropriate order and service." There was also a prayer for general relief.

Defendants demurred to the petition, on the ground that the suit could not proceed without an administrator of the estate of John E. Parker being a party, and that the action could be maintained only against such an administrator, and not against the heirs. The demurrer was sustained on the ground that an administrator of the estate was a necessary party. In the judgment sustaining the demurrer the judge stated that the prayer for the appointment of an administrator was not insisted upon. Petitioner excepted.

*James A. Dixon* and *Overstreet & Overstreet,* for plaintiff.

*G. C. Dekle* and *Phillips & Abbot,* for defendants.