## COLEMAN et al. v. THOMASSON et al.

The court erred in overruling the demurrer to the petition.

No. 4325. FEBRUARY 28, 1925.

Equitable petition. Before Judge Munro. Muscogee superior court. February 7, 1924.

*George C. Palmer* and *L. E. Heath,* for plaintiffs in error.

*J. T. Thomasson* and *McCutchen, Bowden & Gaggstatter,* contra.

ATKINSON, J.  B. F. Coleman Sr. died on March 1, 1888, leaving a will which was duly probated. Item 5 of the will provided: "I give, bequeath, and devise unto my son, John M. Coleman, for and during the term of his natural life (provided he appears in person and claims the same within five years after my death; if he does not appear and claim the same in person within five years aforesaid, then this bequest is void and the property hereby bequeathed reverts to, my estate, to be disposed of as hereinafter provided in item eight of this will)  .  .  [Then follows a description of a lot in the City of Columbus.] If my son, John, dies leav-

ing child or children (provided he appears in person in the five years after my death as aforesaid and claims the same), then the above-described property at his death goes to them in fee simple. If he does not appear, then this bequest is void as to him and his child or children, and the same reverts to my estate. My executors hereinafter named are to take charge of said lot as a part of my estate at my death, and to collect the rents of same for the use of my estate until the said John M. appears (provided he appears in the five years aforesaid), and the said John M. is not entitled to or to have the rents of said property until he appears in person and claims the property, and he, in that event, is only entitled to the rents subsequent to his appearing and claiming the property within said five years." Item 8 of the will provided: "The remainder of my estate real and personal, of whatever kind or character, is hereby given, bequeathed, and devised to my son, B. F. Coleman Jr., one half, and my grandsons, William F., Charles T. and Hughlett Coleman, sons of my son Charles (deceased), the other half. . ."

On April 24, 1923, certain persons as successors in title to the persons named in item 8 of the will instituted an equitable action, seeking a decree declaring that John M. Coleman is dead and that his estate in the property has terminated, and that the fee simple title is vested in the petitioners; and cancellation, as a cloud upon title, of a deed executed by the sheriff in pursuance of a sale of the property for taxes. The allegations of the petition were in substance as stated above, and as follows: John M. Coleman appeared in person during the five years, and became vested with a life-estate in the property. In 1912, being then a resident of the City of Columbus, he left that city "for parts unknown," leaving no address with his relatives, and from that date to the present time— about eleven years—he has not been heard from by his relatives or persons most interested in him, further than such persons hearing that he was dead. "Petitioners charge further that the said John M. Coleman is dead and his life-estate in said property has terminated." The petition did not allege that John M. Coleman died without "leaving child or children." Further allegations of the petition were, that the property was sold for taxes on December 7, 1915, by the marshal of the City of Columbus, and purchased by a named person as agent of one of the petitioners, and a deed was

regularly executed to that petitioner; that on or about September 5, 1916, the property was sold at sheriff's sale for taxes, as property "of the estate" of John M. Coleman, and was again bid in for the same petitioner by the same agent who had acted for her in purchasing at the marshal's sale; that the sheriff executed a deed; "that by and through an error in the execution of said deed" the deed was made to the agent instead of the petitioner above referred to; and that the deed was recorded on August 19, 1921, after the death of the agent. The petitioner took possession of the property immediately after the purchase at the sheriff's sale, and held it exclusively in her own right from that time up to the date of the suit; that the said agent who bid off the property was not at any time in possession of the property, and did not ever have any right, title, or interest therein; and that the agent died leaving named persons as his only heirs at law. The named heirs were the only persons named as defendants in the original petition. The sheriff was made a defendant by amendment. In another amendment it was alleged that the above-mentioned petitioner furnished the money with which her agent purchased the property at sheriff's sale.

The defendants filed general and special demurrers to the petition, which were overruled. They also filed an answer. After introduction of evidence by both sides the judge directed the following verdict: "We, the jury, find for the complainants, and find that the defendants have no title, claim, or interest in and to the real estate described in said petition, and find that John M. Coleman died on the 24th day of June, 1909, and has been dead more than seven years." A decree was rendered, declaring that (a) complainants are the owners of the land; (b) that the defendants have no right, title, or interest in and to said land; (c) that the tax deed is null and void, and is hereby canceled as a cloud on the title of the complainants; (d) that John M. Coleman died on the 24th day of June, 1909; (e) that whatever right, title, or interest the defendants had or appeared to have in and to said real estate as heirs at law of the holder of said tax deed was in law and equity the right and title of the complainants; and that his dealings and holding, right or title, was only as agent or attorney in fact for the complainants, and neither he nor those claiming under him, the defendants in this cause, have any interest, right, title,

or claim in and to said real estate; (f) that the complainants are the remaindermen described under item eight of the will, and as such are entitled to stated interests in the property; (g) that the defendants hereby are decreed to have no outstanding adverse title against the same, and no title against the complainants as remaindermen under the will of B. F. Coleman Sr. The defendants excepted, assigning error on the allowance of the amendments to the petition, on the judgments overruling the demurrers, on rulings as to the admission of evidence, on the order directing the verdict, and on the decree.

1. John M. Coleman having appeared within the five years mentioned in the will, and the estate devised to him by item 5 of the will having vested, such estate would not revert to the estate of the testator or go to the residuary devisees named in item 8 of the will, unless John M. Coleman should die without "leaving child or children." Therefore, in so far as the plaintiffs depend for title through the residuary devisees as a basis for a decree declaring title to be vested in themselves, or as a basis for cancelling the sheriff's deed, it was essential to allege in the petition that John M. Coleman had died without leaving child or children.

2. The only other source of title relied on as a basis for the relief mentioned in the first division was a deed executed by the marshal of the City of Columbus to one of the petitioners, a copy of which was attached as an exhibit and made a part of the petition. That deed purported to be a conveyance of only such title to the property as was held by the estate of John M. Coleman. This, considered in connection with other allegations of the petition to the effect that the interest of John M. Coleman was only an estate during his life and that he was dead at the time the suit was instituted, was the equivalent of an allegation that at the time of the institution of the suit the estate purported to have been conveyed by the deed had terminated. Therefore that deed could not serve as a basis for any relief.

3. Relatively to two of the plaintiffs, the only source of title alleged was from the residuary devisees named in item 8 of the will. In the circumstances the joinder of these two with the third plaintiff did not render the action multifarious. There was no demurrer to the petition on the ground that there was a misjoinder because the two plaintiffs above referred to were improperly joined as parties.

4.  The other plaintiff occupied a different status from the first two referred to in the preceding division. The deed that was sought to be canceled was the sheriff's deed under which the defendants were holding as heirs at law of their deceased husband and father. The petition alleged that the defendant's husband and father was the plaintiffs' agent in bidding for and purchasing the property at sheriff's sale, and that she had supplied the money that was paid to the sheriff for the property, but that by mistake the agent had been named as grantee in the deed instead of the petitioner. The suit was not against the agent or his legal representative, but was against his heirs at law. In the circumstances enumerated, whether or not the plaintiff as principal could maintain her action against the agent, or, he being dead, against his legal representative, for the relief sought, she could not maintain such action against the heirs at law alone. *McNair* v. *Brown,* 139 *Ga.* 71 (76 S. E. 575); *Lovett* v. *Parker,* 152 *Ga.* 576 (110 S. E. 723); *Gibbs* v. *Harrelson,* 147 *Ga.* 404 (94 S. E. 235). The question of whether the action would lie against the defendants as heirs at law of the agent who was the grantee named in the deed was jurisdictional, and, being so, may be raised by general demurrer complaining that the petition fails to allege a cause of action for the relief sought. *Ruis* v. *Lothridge,* 149 *Ga.* 474 (100 S. E. 635).

5.  Applying the foregoing principles, the trial judge erred in overruling the demurrer to the petition, and all further proceedings in the case were nugatory, which renders it unnecessary to deal with other assignments of error.

*Judgment reversed. All the Justices concur, except Hines, J., who dissents from the ruling in the fourth division.*