18295.   BACON, executor, *v.* BACON.

BROYLES, C. J.   1. An application by a widow for a year's support does
not necessarily have to be filed within twelve months after her hus-
band's death.   See, in this connection, *Reynolds* v. *Norvell,* 129 *Ga.*
512 (59 S. E. 299) ; *Riddle* v. *Shoupe,* 147 *Ga.* 387 (94 S. E. 236).

2. Section 4362 of the Civil Code of 1910, providing that "All actions
upon open account, or for the breach of any contract not under the
hand of the party sought to be charged, or upon any implied assumpsit
or undertaking, shall be brought within four years after the right of
action accrues," does not apply to a widow's application for a year's
support.   The right to a year's support is not an open account, nor
is it based upon a contract, or an implied assumpsit or undertaking.
Nor is it a *debt* of the estate, within the usual and ordinary mean-
ing of the word "debt."   It is "a special provision allowed by law,
in preference to any liens or debts held by creditors."   *Barron* v. *Bur-
ney,* 38 *Ga.* 264 (2) ; *McNair* v. *Brown,* 139 *Ga.* 71, 74 (76 S. E. 575).
See also, in this connection, *State* v. *Southwestern Railroad,* 70 *Ga.*
13 (8), 33.

3. In the instant case the caveat and objection filed to the application
for the year's support and the return of the appraisers thereon failed
to show that the application was filed too late under the law, or that
the right to the year's support was barred by the statute of limita-
tions, and the court properly so held by its judgment in sustaining
certain grounds of the demurrer interposed.   No error appears in any
of the other rulings upon the demurrer or the pleadings.

4. A ground of the motion for a new trial is as follows:   "It is respect-
fully submitted that his Honor erred in overruling the motion of
counsel for caveator, giving them the right to open and conclude in
the argument.   Caveator contends that this was a substantial right

---

Appeal and Error, 3 C. J. p. 967, n. 40 New.
Executors and Administrators, 24 C. J. p. 239, n. 9; p. 264, n. 39.
Limitation of Actions, 37 C. J. p. 747, n. 85; p. 769, n. 70.

which was denied by the presiding judge, and this was error on the part of the court." This ground is obviously too incomplete within itself to raise any question for the consideration of the reviewing court. It fails to give any reason why counsel for the caveator was entitled to open and conclude the argument.

5. The other special grounds of the motion for a new trial (some of which are not complete and understandable) show no material error.

6. A verdict in favor of the applicant for a year's support was authorized; and this court, under all the facts of the case, can not hold that the amount of the verdict ($5550) was so large as to show gross mistake, or bias or prejudice on the part of the jury.

7. The refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JULY 26, 1927.

Appeal; from Cobb superior court—Judge J. S. Wood. May 14, 1927.

*John E. Mozley, George & John L. Westmoreland,* for plaintiff in error.

*L. M. Blair, Morris, Hawkins & Wallace,* contra.